412 A.2d 568

Joseph GAITO, Jr., Appellant,

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee.

Supreme Court of Pennsylvania.

Submitted Sept. 24, 1979.

Decided March 20, 1980.

Reargument Denied March 25, 1980.

398

Joseph Gaito, pro se.

Robert A. Greevy, Asst. Atty. Gen., Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

LARSEN, Justice.

On November 18, 1976, appellant, Joseph Gaito, was paroled from the State Correctional Institution of Pittsburgh. Thereafter, on December 24, 1976, appellant's estranged wife and male companion were shot to death by an unknown assailant. Appellant was sought for questioning in relation to the incident, but efforts to locate him by police officers and appellant's parole agent proved to be unsuccessful. The Pennsylvania Board of Probation and Parole (Board) then authorized the Allegheny County Detective Bureau to arrest appellant, based upon the parole agent's belief that appellant was in violation of three conditions of parole.

On January 8, 1977, through the assistance of a confidential informant, appellant was arrested by police officers and charged with violating the Uniform Firearms Act. Appellant was given a detention hearing by a Board representative on January 17, 1977, and was ordered detained pending disposition of the criminal charges. On April 18, 1977, a jury found appellant guilty of the Firearms Law violations with which he was charged, and a sentence of two to five years imprisonment was imposed. On October 3, 1977, ap-

pellant was transferred from a county correctional facility to the State Correctional Institution at Pittsburgh, where he was confined in the Diagnostic and Classification Center. A parole revocation hearing was held on November 10, 1977, and the Board subsequently issued an order recommitting appellant as a convicted parole violator.[1] The Board also determined that the time which appellant had spent in custody, prior to sentencing on the Firearm's conviction (January 8, 1977 to September 29, 1977), should be credited against the sentences from which appellant was paroled. Appellant filed a petition for review in Commonwealth Court seeking to set aside the Board order and challenging the validity of the arrest warrant issued by the Board. The Commonwealth Court sustained the Board's preliminary objections and dismissed the petition. *Gaito v. Pennsylvania Bd. of Prob. and Parole,* 38 Pa.Cmwlth. 199, 392 A.2d 343 (1978). This appeal followed.

Appellant first contends that his recommitment was improper because the conviction which led to his recommitment as a convicted parole violator was based upon an illegal arrest.[2] Appellant contends that the Commonwealth Court erred in not inquiring into the legality of his arrest when reviewing the Board's recommitment order. We do not agree.

When reviewing a Board's recommitment order, the Commonwealth Court does not have jurisdiction to inquire into the legality of an arrest. The Commonwealth Court's scope of review is limited to determining only whether the Board acted in accordance with the Act of August 6, 1941, P.L. 861,

1. At the time appellant was paroled in November of 1976, 26 years and 11 months remained on the original judgments of sentence imposed against him in 1959 and 1960. In recommitting appellant as a convicted parole violator, the Board extended his maximum release date to December 8, 2003—26 years and 11 months from January 8, 1977, the date appellant was arrested for the Firearms law violations.

2. Appellant alleges specifically that the arrest warrant issued by the Board was invalid because 1) the warrant was issued without probable cause; 2) the issuance of the warrant was conducted in a discriminatory manner; and 3) the statute authorizing deputization for the execution of an arrest warrant is unconstitutional.

§ 21.1, *as amended,* 61 P.S. § 331.21a, which empowers the Board with the authority to recommit as a parole violator "Any parolee . . . who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record."

■ Appellant next asserts that the failure of the Board to apply the time spent on parole against either the sentences from which appellant was paroled or the sentence which was imposed for the Firearms violation constitutes a bill of attainder, a violation of the double jeopardy clause of the Fifth Amendment, a violation of the due process clause of the Fourteenth Amendment, and encroaches upon the Separation of Powers Doctrine because it usurps the judicial function of sentencing. Section 21.1 of the Act of August 6, 1941, P.L. 861, *added by* Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a(a), provides that a parolee who is convicted of committing a crime while on parole "shall be given no credit for the time at liberty on parole." In *Commonwealth ex rel. Thomas v. Myers,* 419 Pa. 577, 215 A.2d 617 (1966), this court sustained the constitutional validity of the above statute, concluding that it constituted neither a bill of attainder nor a denial of due process, and did not violate the proscription against double jeopardy. The *Thomas* Court noted that the Board may require a parolee who is convicted of a crime while on parole to serve the unexpired balance of his original maximum sentence. This court also noted that "a Parole Board is under no constitutional obligation to diminish the length of the sentence of a recommitted parole by a period equal to the time when the prisoner was on parole." [3] *Id.,* 419 Pa. at 580, 215 A.2d 619. Finally, when the Board refuses to credit a

**3.** In *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), this Court partially overruled *Myers;* however, we expressly reaffirmed that part of *Myers* which sustained the constitutionality of the statute in question.

convicted parole violator with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled. *Knisley v. Pennsylvania Bd. of Prob. and Parole,* 26 Pa.Cmwlth. 185, 362 A.2d 1146 (1976). Appellant's argument is without merit.

■ Appellant also alleges that the Board failed to hold the revocation of parole hearing in a timely fashion. We do not agree. The controlling regulations[4] with respect to when a revocation of parole hearing must be held by the Board read in relevant part as follows:

§ 71.4(2) The [revocation] hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty except as follows:

(1) [Where] the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, *such as . . . confinement in a county correctional institution . . .* the final revocation hearing shall be held within 120 days of the official verification of the Board of the Return of the parolee to a State correctional facility . . .[5] (emphasis supplied).

Appellant remained incarcerated in the county correctional institution (and thus outside the jurisdiction of the Board) until October 3, 1977, at which time he was returned to the State Correctional Institution at Pittsburgh. A final revocation of parole hearing was held on November 1, 1977. Thus, appellant was given a final revocation hearing 38 days after his return to the state correctional facility, a time clearly within the permissible 120 day period.

■ Next, appellant argues that his incarceration in the Diagnostic and Classification Center, after recommitment, was cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitu-

---

**4.** These regulations were issued in accordance with an unpublished order entered by Judge Higginbotham in conjunction with his opinion in *United States ex rel. Burgess v. Lindsey,* 395 F.Supp. 404 (E.D.Pa. 1975).

**5.** 37 Pa.Code § 71.4(2)(i).

tion because his privileges were limited. Appellant cites no relevant authority, and we can find no authority or reasoning to support this contention even if we accept as true appellant's allegations concerning the limitations of his privileges. We agree with the Commonwealth Court that such matters are within the control of the prison authorities rather than the Board and thus are not properly cognizable in this proceeding.

Appellant's final contention is that the Board erred in determining that the time which he spent in custody, prior to sentencing on the Firearm's violation, should be credited against the judgments of sentence imposed against him in 1959 and 1960 (original sentences). Appellant insists that the custody time in question should be applied to his new sentence (Firearm's violation) rather than to his original sentences. Relying upon its decision in *Mitchell v. Pennsylvania Bd. of Prob. and Parole,* 31 Pa.Cmwlth. 243, 375 A.2d 902 (1977), the Commonwealth Court held that "credit for confinement under a detainer lodged against a parolee must be applied to the original sentence." *Gaito v. Pennsylvania Bd. of Prob. and Parole,* 38 Pa.Cmwlth. 199, 204, 392 A.2d 343, 345 (1978). Subsequent to its decision in the instant case, the Commonwealth Court modified its holding in *Mitchell* and stated, in *Rodriques v. Pennsylvania Bd. of Prob. and Parole,* 44 Pa.Cmwlth. 68, 71, 403 A.2d 184, 185–86 (1979), that "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him."

We adopt the *Rodriques* rationale. Thus, if a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in

custody shall be credited to his new sentence.[6]  *See* Pa.R. Crim.P. 1406(b), Act of December 6, 1972, P.L. 1482, No. 334, § 1360, *added by* Act of December 30, 1974, P.L. 1052, No. 345, § 1, 18 Pa.C.S.A. § 1360(1).

On the record and briefs before us, we are unable to determine whether appellant satisfied the bail requirements on the new charges.  We remand, solely for a determination of whether appellant satisfied the bail requirements on the new charges, and order any recomputation, if necessary, in accordance with this opinion.  In all other respects, the order of the Commonwealth Court is affirmed.

NIX, J., filed a concurring opinion.

KAUFFMAN, J., did not participate in the consideration or decision of this case.

NIX, Justice, concurring.

I join the Opinion of the Court for the reasons stated in *Young v. Commonwealth Board of Probation and Parole*, 487 Pa. 428, 409 A.2d 843 (1979), in which this Court sustained the constitutionality of the Act of August 6, 1941, P.L. 861 § 21.2, *as amended*, 61 P.S. § 331.21a.

---

**6.**  It is clear, of course, that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence.