520

Ronald M. Foster, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 26, 1982, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Ferris P. Webby,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, December 27, 1982:

Ronald M. Foster has filed a Petition for Review and an amended Petition for Review of an order of the Pennsylvania Board of Probation and Parole recomputing the maximum expiration date of his original sentence. On December 3, 1965 Foster was sentenced to a term of six months to twenty years for burglary,

larceny, and receiving stolen goods. The maximum expiration date of the sentence was August 1, 1985. He was released on parole on September 3, 1968.

On September 22, 1970, the petitioner was arrested and charged with rape. The Board lodged a detainer on September 29, 1970. He was acquitted of the rape charges and reinstated on parole on December 28, 1971.

On September 25, 1972, the petitioner was arrested on new criminal charges and the Board filed a detainer on October 25, 1972. The petitioner was convicted of the new charges on November 30, 1972 and he was sentenced to a term of imprisonment on May 3, 1973. The Board recommitted the petitioner as a convicted parole violator on July 17, 1973 and added a period of three years, five months and one day to the maximum expiration date of his original sentence, resulting in a new maximum expiration date of January 2, 1989. The Board did not give the petitioner credit against his original sentence for the time he spent in custody for the criminal charges of which he was convicted on November 30, 1972, during the period from October 25, 1972 when the Board's detainer was filed, until May 3, 1973 when he was sentenced. Nor, of course, was the petitioner given credit for his street time while on parole. He was given credit for the period from September 29, 1970 until December 28, 1971 when he was confined under the Board's detainer on the charges of rape of which he was acquitted in 1971.

The petitioner contends that the Board erred in the recomputation of his sentence by adding to his original sentence the time he spent in confinement from October 25, 1972 until May 3, 1973.

In *Gaito v. Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980) the Supreme Court stated:

[I]f a defendant is being held in custody *solely* because of a detainer lodged by the Board and

has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he had failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Gaito*, 488 Pa. at 403; 412 A.2d at 571. *See also Davis v. Cuyler*, 38 Pa. Commonwealth Ct. 488, 394 A.2d 647 (1978). Since the petitioner's confinement from October, 1972 until May, 1973 was the result of his arrest and detention on new charges, the Board correctly declined to give credit for this time against the original sentence.

Order affirmed.

ORDER

AND Now, this 27th day of December, 1982, the order of the Board of Probation and Parole appealed from is affirmed.