Anthony Blagman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 18, 1983, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Philip T. Medico, Jr.,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, October 18, 1983:

This is an appeal by Anthony Blagman from a decision of the Pennsylvania Board of Probation and Parole (Board) which denied Blagman administrative relief and affirmed his recommittment as both a technical and convicted parole violator. The single issue before this Court is whether Blagman has received proper credit for time he spent in custody.

On December 24, 1976, Blagman was released on parole from the State Correctional Institution at Dallas after serving almost two years, ten months of a ten year sentence for robbery.[1] While on probation, Blagman was first arrested and subsequently convicted of Possession and Delivery of a Controlled Substance. He served approximately sixteen months of a one to four year sentence and was released on parole from the Delaware County Prison on November 15, 1978. Thereafter, and for the second time while on parole, Blagman was arrested on April 30, 1979 and charged with various crimes including Robbery and Resisting Arrest. He was released on bail on May 3, 1979. On June 12, 1979 he was arrested for the third

---

[1] Blagman's original sentence was effective March, 1, 1974 with a minimum date of March 1, 1976 and a maximum date of March 1, 1984. Before his release on December 24, 1976 he therefore served two years, nine months and twenty four days, seven days short of two years, ten months.

time while on parole, this time on charges of Retail Theft. On the same day, a fine of $300 was imposed and Blagman was released.

On July 24, 1979, Blagman was arrested by the agents of the Board for technical parole violations and, based on the new criminal charges, a detainer was filed. On July 31, 1979, bail relating to the new criminal charges was revoked. On September 13, 1979, Blagman was found guilty of various charges stemming from his arrest on April 30, 1979, including Robbery; sentencing was deferred. On October 1, 1979, he was convicted of resisting arrest, also stemming from his arrest on April 30, 1979, and sentenced to a term of three to twelve months in Delaware County Prison. On November 5, 1979, the Board rendered a decision to recommit Blagman as a technical parole violator when available. On January 10, 1980, after the required hearings, the Board reaffirmed the previous recommitment of Blagman for technical parole violations and ordered him additionally recommitted as a convicted parole violator. On March 25, 1980 Blagman was granted county parole on the three to twelve month sentence and on July 3, 1980 was sentenced to two concurrent terms of four to fifteen years for the theft and robbery convictions. On August 29, 1980, the Board reaffirmed its January 10, 1980 decision to recommit Blagman as a technical and convicted parole violator, to be reviewed in January, 1984.

Blagman's original maximum term was modified to read September 3, 1987, due to the parole violation time amounting to seven years, two months, to be computed from July 3, 1980. In calculating this parole violation time, Blagman was credited with seven days for the period he was detained between July 24, 1979 (date arrested by parole agent) and July 31, 1979

(date bail revoked on new criminal charges).[2] The record indicates he is currently serving this ordered back time.[3] The record also shows that Blagman will be credited with five months, twelve days against the new sentence imposed on July 3, 1980. Before this Court, Blagman argues that he is entitled to credit against his original sentence for a period of fourteen months and two days, from July 24, 1979, when he was arrested on the Board's detainer, to September 26, 1980.[4] After careful review of the facts in this case, we conclude that the Board's calculation of credit against his sentence is correct.

The law in this area is clear:

> [I]f a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, re-

---

[2] *See* note 1, *supra*. Addition of the seven days credit to the time already served left seven years, two months remaining on the original sentence.

[3] From July 3, 1980 to September 26, 1980, the records at the State Correctional Institution at Dallas indicated that Blagman was incarcerated under the sentence imposed on July 3, 1980 for the new convictions. On September 26, 1980 the records were corrected to reflect that Blagman had been recommitted and was serving time under the original sentence. In his brief to this Court, Blagman argues that he was not permitted to serve the ordered back time prior to beginning the new sentence, as required by statute. *See* Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. 331.21a. The argument is specious since it is clear that following correction of the recording error, the time served from July 3, 1980 to September 26, 1980 was considered time served under the original sentence. Blagman is currently serving recommitted time and has yet to begin to serve the new sentence.

[4] For discussion of the significance of the September 26, 1980 date, *see* note 3, *supra*.

mains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 403-404, 412 A.2d 568, 571 (1980) (emphasis in original). The record is clear that the only period during which Blagman was held *solely* on the Board's detainer was between July 24, 1979 and July 31, 1979 when bail for new criminal charges was revoked. This is the seven days which was credited against the original sentence when the maximum term was recalculated. Thereafter, Blagman was held without bail pending disposition of the new criminal charges; he was no longer held *solely* on the Board's detainer.

As noted above, Blagman is also credited with five months, twelve days against the new sentence. A review of the facts indicates how this figure was reached. The first period of time involved was April 30, 1979 (date of arrest) to May 3, 1979 (date bail was posted). The second period involved was July 31, 1975[5] (date bail was revoked) to October 1, 1979 (date sentence for resisting arrest was imposed). The third period involves that time between March 25, 1980 (date of county parole on October 1, 1979 sentence) to July 3, 1980 (date of sentence for new convictions and date from which Blagman's recommitment as parole violator runs). In each of these periods, Blagman was

---

[5] In its brief to this Court and apparently in its own calculations, the Board inconsistently refers to the revocation of bail occurring on July 30, 1979 and July 31, 1979. The correct date is not indicated in the limited record certified to this court. We will not remand for clarification or recalculation, however, because the Board's error resulted in no harm to Blagman. The mistake results in an extra day credited against one or the other sentence.

594

unable to secure release on bail and the credit is properly applied to the new sentence. *Gaito.* There is no support for the proposition that credit for these periods in custody should be applied against both the new and the original sentence. *See Gaito.*

Custodial credit is only given for time spent in custody prior to the imposition of sentence. Pa. R. Crim. P. 1406. Blagman did not, therefore, receive credit for the time spent in custody serving the three to twelve month sentence imposed on October 1, 1979. This was proper. He likewise is entitled to no credit against the new sentence for time spent after July 3, 1980 serving the remainder of his original sentence.

Accordingly, the determination of the Board is affirmed.

ORDER

Now, October 18, 1983, the determination and order of the Pennsylvania Board of Probation and Parole in the above referenced matter, dated October 30, 1980, is hereby affirmed.