Jeremiah **DAVIDSON**, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE**, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 1995.

Decided Nov. 15, 1995.

Mitchell A. Kaufman, for petitioner.

Robert A. Greevy, Chief Counsel, for respondent.

Before DOYLE and NEWMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Jeremiah Davidson (Davidson) petitions for review of a decision of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief. We reverse and remand.

Davidson was originally convicted of two counts of robbery and was sentenced to two concurrent terms of imprisonment of five to ten years effective March 25, 1986. Subsequently, the effective date of his sentence was changed to October 10, 1985. Davidson was paroled at the expiration of his minimum term on October 11, 1990.

On February 11, 1991, Davidson was arrested and charged with forgery and criminal conspiracy. Upon conviction for those charges, Davidson was sentenced to a term of imprisonment of one to three years for the forgery conviction and a consecutive term of five years probation for the criminal conspiracy conviction.

On March 10, 1992, the Board recorded a decision ordering that Davidson be recommitted as a convicted parole violator to serve nine months backtime. Davidson was then reparoled on December 10, 1992 subject to certain special conditions.[1]

On May 18, 1993, Davidson was again arrested and charged with theft and receipt of stolen property. On the same date, the Board issued a warrant to commit and detain Davidson pending disposition of these new criminal charges against him. In a decision recorded on July 26, 1993, the Board ordered that Davidson be continued on parole pending disposition of these new criminal charges. Meanwhile, the special conditions of Davidson's parole remained in effect.

On October 5, 1993 and thereafter, Davidson failed to report to his parole agent as required. The Board declared Davidson delinquent as of October 5, 1993.

On February 10, 1994, Davidson was arrested and charged with passing bad checks, theft by deception, conspiracy and receipt of stolen property. That same date, the Board issued a warrant to commit and detain Davidson pending disposition of these new criminal charges against him and pending disposition of three technical parole violations.[2]

In a decision dated March 21, 1994, the Board ordered that Davidson be detained pending disposition of the criminal charges of passing bad checks, theft by deception, conspiracy and receipt of stolen property. After a violation hearing, the Board recommitted Davidson to a state correctional institution as a technical parole violator to serve twelve months of backtime for the three technical parole violations.[3]

---

1. Davidson was required, *inter alia*, to cooperate with the Treatment Alternative to Street Crime (TASC) program, follow all recommendations with respect to the need for outpatient drug and alcohol treatment and to submit to urinalysis testing.

2. The Board charged Davidson with one count of violating Condition 3a of his parole (requiring him to maintain regular contact with the parole supervision staff) and with two counts of violating Condition 7 of his parole (requiring him to attend outpatient therapy for drug and alcohol treatment and to submit to urinalysis testing).

3. In a separate case, Davidson filed a petition for administrative review of the Board's decision to recommit him for the three technical parole violations. The Board denied Davidson's request for administrative relief. On appeal, this Court held that: (1) Davidson admitted he had violated Condition 3a of his parole; and (2) the Board proved by a preponderance of the evidence that Davidson violated Condition 7 of his parole.

On September 30, 1994, the forgery and other new criminal charges were nolle prossed. By a recalculation order mailed on March 22, 1995, the Board denied Davidson credit for the time he spent in custody awaiting trial for the new criminal charges. Davidson filed a petition for administrative review, which the Board denied.

■ On appeal to this Court,[4] Davidson maintains the Board erred when it denied him credit for time served and extended the maximum expiration date of his sentence. Davidson asserts that under the circumstances, he is entitled to credit for the time he was incarcerated from February 10, 1994 through September 30, 1994.

In response, the Board argues that it properly extended the maximum expiration date of Davidson's original five to ten year sentence without providing him credit for the time he served in relation to the nolle prossed charges. The Board asserts that until Davidson's new criminal charges were nolle prossed on September 30, 1994, he was held because of those new criminal charges and not on the warrant of the Board.[5]

■ For some time now, courts have recognized that if a parolee is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on new criminal charges, time which he spent in custody shall be credited against his original sentence. *Gaito v. Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980). If, however, a parolee remains incarcerated prior to trial because he has failed to satisfy bail requirements on new criminal charges, the time spent in custody shall be credited to his new sentence. *Id.; See also Zazo v. Board of Probation and Parole*, 80 Pa.Cmwlth. 198, 470 A.2d 1135 (1984) (parole violator who did not post bail on new charges was not entitled to have time spent in custody credited against his original sentence).

■ Neither party has provided this Court with case law which helps us determine whether a parolee who fails to post bail should be given credit for time spent in custody for charges which are ultimately nolle prossed. We are not, however, without guidance in this situation.

In *Gaito*, while discussing the issue of crediting time a parolee spends in custody, the Pennsylvania Supreme Court stressed, "[i]t is clear, of course, that *if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence.*" *Id.* at 404 n. 6, 412 A.2d at 571 n. 6 (emphasis supplied). Similarly, in the case of *Morrison v. Board of Probation and Parole*, 134 Pa.Cmwlth. 488, 578 A.2d 1381, 1383 (1990), this Court emphasized that when a parolee is arrested and does not post bail, "pre-trial confinement time is credited to the sentence received upon conviction of the new charge(s) or, *if the parolee is acquitted, the time is credited to his parole sentence.*" (Emphasis supplied.)

We analogize the nolle prosse in the present case to the acquittal and lack of conviction in the cases cited above. In each of those instances, the parolee has spent time incarcerated while waiting to be tried and perhaps sentenced on subsequent charges but one or both of those contingencies do not occur. Undoubtedly, equity dictates that a parolee who fails to post bond should have his parole sentence credited when the subsequent charges brought against him are dropped, as in the case of a nolle prosse, or

---

*Davidson v. Board of Probation and Parole* (No. 31 C.D.1995, filed October 25, 1995) (*Davidson I*).

4. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

5. By the Board's calculations, as of the date Davidson absconded (October 5, 1993), he had three years, five months and four days left to serve on his original five to ten year sentence. The Board argues that Davidson did not come into custody on the warrant of the Board until September 30, 1994, the date the most recent criminal charges were nolle prossed. Thus, the Board maintains that the new maximum date of Davidson's original sentence is March 4, 1998.

are resolved in his favor, as in the case of an acquittal.[6]

Accordingly, we reverse the Board's decision and remand this case to allow the Board to recalculate the maximum expiration date of Davidson's original five to ten year sentence. In making this new calculation, the Board is to credit Davidson's parole sentence for the period he was incarcerated from February 10, 1994 through September 30, 1994 on the nolle prossed charges.

### ORDER

NOW, November 15, 1995, the decision of the Board of Probation and Parole is hereby reversed and remanded for the recalculation of the maximum expiration date of Davidson's original five to ten year sentence. The Board is to credit Davidson's parole sentence for the period he was incarcerated from February 10, 1994 through September 30, 1994 on the nolle prossed charges.

Jurisdiction relinquished.

---

6. We note that Davidson has raised an additional argument regarding the Board's extension of the maximum expiration date of his original five to ten year sentence. In his brief, Davidson admits that the resolution of this issue is dependant on this Court's decision in *Davidson I.* In that case, we ruled that Davidson admittedly failed to report to the parole supervision staff as required and was, therefore, delinquent. Consequently, the Board did not err by extending the maximum date of Davidson's sentence. *See McFarland v. Board of Probation and Parole,* 130 Pa.Cmwlth. 639, 569 A.2d 374 (1989). However, because of our decision in the present case, the maximum expiration date of Davidson's original sentence must be recalculated to reflect the credit for the period he was incarcerated from February 10, 1994 through September 30, 1994.