**Leonard L. SMARR, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 21, 2000.

Decided March 22, 2000.

Terri M. Schultz, Butler, for petitioner.

Susan M. Zeamer, Harrisburg, for respondent.

Before SMITH, J., LEADBETTER, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the Pennsylvania Board of Probation and Parole (Board) erred by denying Leonard L. Smarr (Petitioner) credit toward his original sentence for time he spent in custody on new criminal charges to which he could not post bail. We hold that although Petitioner was sentenced only to probation on his new charges, the Board properly denied him credit toward his original sentence. Thus, we affirm the decision of the Board.

The facts of this case are as follows. On September 11, 1992, Petitioner was sentenced on charges of theft and criminal trespass and sentenced to a period of nine (9) months to five (5) years (original sentence). On May 30, 1993, he was released on his minimum from the State Correctional Institution at Pittsburgh, Pennsylvania. His maximum sentence date was originally August 20, 1997.

While on parole, Petitioner was arrested and convicted of two new crimes. As a result, he was recommitted by the Board as a convicted parole violator. He was reparoled on September 2, 1996. As a result of the recommitment, Petitioner had a balance of two (2) years, seven (7) months and eleven (11) days remaining on his original sentence. Thus, his maximum date was recalculated from August 20, 1997 to April 13, 1999.

On July 17, 1997, Petitioner was arrested on new charges of criminal mischief and other related charges. Bail was set at $100,000, which Petitioner did not post. The Board issued a parole detainer for technical violations and for the new arrest.[1] On November 14, 1997, Petitioner plead guilty to the charge of criminal mischief and was sentenced to twelve (12) months county probation.

On November 3, 1997, Petitioner was arrested on charges of unsworn falsification and false swearing. Bail was once again set but not posted. On May 11, 1998, Petitioner pleaded guilty to the charge of unsworn falsification and received a sentence of six (6) months to twenty-three (23) months. He also plead guilty to the charge of false swearing and received a sentence of three (3) months to twelve (12) months.

Following a revocation hearing held August 11, 1998, and a previously held violation hearing, Petitioner was ordered recommitted as a technical and convicted parole violator to serve a period of eighteen (18) months backtime. As a result of the recommitment, Petitioner's parole maximum date was recalculated to January 7, 2001. On May 11, 1999, Petitioner filed a request for administrative relief with the Board. In an order dated July 29, 1999, the Board denied that request. Petitioner then filed a petition for review with this Court.

■ On appeal,[2] Petitioner argues that the Board erred in denying him credit toward his original sentence for time spent in custody on different charges because

---

1. It is not clear from the record how Petitioner was released on these new charges.

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Davidson v. Pennsylvania Board of Probation and Parole,* 667 A.2d 1206 (Pa.Cmwlth.1995)

those charges did not result in a sentence of incarceration. We disagree.

In *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980), our Supreme Court stated, "if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Gaito* 412 A.2d at 571. In a footnote after this ruling, the court stated, "It is clear, of course, that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charges, the pre-trial custody time must be applied to the parolee's original sentence." *Id.* at Footnote 6.

Based on the footnote in *Gaito*, this Court in *Davidson v. Pennsylvania Board of Probation and Parole*, 667 A.2d 1206 (Pa.Cmwlth.1995), held that a parolee detained in custody for failure to post bond on new criminal charges that are ultimately nolle prossed is entitled to credit against the original sentence. In the case at bar, Petitioner asks this Court to extend the rationale to hold that a parolee who fails to post bail is entitled to credit against the original sentence for time spent in custody on new criminal charges if the new charges result in a sentence of probation only, with no incarceration. We refuse to do so.

During the period of custody in which Petitioner wishes credit toward his original sentence[3] he was not held solely on the Board's detainer. He was also held because he failed to make bail on the new charges. Thus, according to the general rule in *Gaito*, Petitioner is not entitled to credit toward his original sentence.

█ The exception to this rule stated first by our Supreme Court as dicta in Footnote 6 in *Gaito* and then by this Court in *Davidson*, applies only "if a parolee is *not convicted*, or if *no new sentence* is imposed...." *Gaito*, 412 A.2d at 571, Footnote 6 (emphasis added). Such is not the case presently. On the new criminal charges, Petitioner plead guilty and thus was "convicted" of criminal mischief and "sentenced" to twelve (12) months probation. A "sentence" is not limited to a period of incarceration[4] and neither *Gaito* nor *Davidson* makes a distinction between a sentence of probation versus a sentence of incarceration. We see no rationale to make that distinction now.

Petitioner also argues that he should be given credit toward his original sentence for time served from May 11, 1998 to May 26, 1998 in the Berks County Prison. As stated above, Petitioner was arrested on November 3, 1997 on two Berks County indictments. On May 11, 1998, Petitioner was sentenced on the first indictment to not less than three (3) months nor more than twelve (12) months incarceration. On the second indictment, Petitioner was sentenced to not less than six (6) nor more than twenty-three (23) months incarceration. The two sentences were to run concurrent.

Although Petitioner was given credit for time served of 271 days, the sentencing order of May 11, 1998 required that Petitioner serve a period of time in "the Berks County Prison, and upon completion of his minimum sentence shall be released without a petition upon approval of a suitable

---

3. Petitioner wishes credit for the time period between July 17, 1997 to August 14, 1997. Petitioner states in his brief that he was rearrested on August 14, 1997 on new charges but the record shows an arrest date of November 3, 1997 for those new charges. However, this matter is moot as we are denying the petition for review.

4. Under Pennsylvania's sentencing guidelines, 42 Pa.C.S. § 9721, a term of probation is one of several options available for imposing a "sentence."

parole plan by the Berks County Parole Office." The Berks County Parole Office authorized Petitioner's discharge when his parole plan was approved on May 26, 1998. Thus, May 26, 1998, is the parole date from Petitioner's May 11, 1998 sentence. Adding the two (2) years, seven (7) months and eleven (11) days that Petitioner owed on his original sentence to his May 26, 1998 parole date gives Petitioner a recalculated parole maximum date of January 7, 2001. Thus, the recalculation of Petitioner's parole maximum date was proper.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 22nd day of March, 2000, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.