James E. OWENS, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 12, 2000.

Decided June 14, 2000.

David Crowley, Bellefonte, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before DOYLE, President Judge, COLINS, J., McGINLEY, J., SMITH, J., PELLEGRINI, J., FRIEDMAN, J., and LEADBETTER, J.

PELLEGRINI, Judge.

James E. Owens (Owens) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief in the form of credit towards his original sentence for time he spent in custody.

On February 8, 1998, while on parole, Owens was arrested and charged with two counts of possession of a controlled substance and two counts of possession with intent to deliver a controlled substance. He was released on his own recognizance

but when he failed to appear at his February 16, 1998 preliminary hearing, a bench warrant was issued. On March 20, 1998, the Board issued a warrant to commit and detain Owens, and on that same date, his bail was revoked and he was taken into custody to await his new trial. On September 11, 1998, the Board recommitted Owens as a technical parole violator (TPV) when available to serve 24 months backtime. On October 29, 1998, the Assistant District Attorney withdrew the two counts of possession with intent to deliver, and Owens pled guilty to the two counts of possession of a controlled substance. The trial court sentenced Owens to "guilt without further penalty." Section 1 of the Sentencing Code, 42 Pa.C.S. § 9723.[1] On November 6, 1998, Owens was transferred to a state prison.

Following a parole revocation hearing, the Board recommitted Owens as a convicted parole violator (CPV) to serve 12 months backtime concurrently with the 24 months backtime he received as a TPV. The Board calculated Owens' parole violation maximum date to be July 26, 2043, and in making that calculation did not give Owens credit for the period of time he spent in confinement from March 20, 1998 to October 29, 1998. Owens filed an administrative appeal from the Board's recalculation of his maximum term, arguing that he should have received credit towards his original sentence for the time he spent in custody from March 20, 1998 to October 29, 1998. The Board denied his appeal stating that the "no further penalty" sentence that Owens received was, in effect, a sentence for "time served," and because he was not lodged solely due to the Board's detainer, he received credit towards his new sentence for the time he served from March 20, 1998 to October 29, 1998. This appeal followed.[2]

Owens contends that the Board erred in the calculation of his parole violation maximum date because it failed to give him credit towards his original sentence for the time he spent in jail prior to his trial between March 20, 1998 to October 29, 1998, as the sentence for his new charges was "guilt" with "no further penalty" making his "guilt" the *only* penalty.

■ The law in this area is clear: when a parolee is incarcerated following an arrest based upon new criminal charges and does not post bail or has his bail revoked, time spent in jail is not credited to the parolee's original sentence on recommitment as a convicted parole violator because the parolee was not incarcerated solely on the Board's warrant, and pretrial confinement time is credited to the sentence received upon conviction of new charges. *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980).[3] If, however, a parolee is acquitted, or if no new sentence is imposed for a conviction on new charges, the pretrial custody time is to be applied to the parolee's original sentence. *Id.*, 412 A.2d at 571, n. 6.

Most recently, in *Smarr v. Pennsylvania Board of Probation and Parole*, 748 A.2d 799 (Pa.Cmwlth.2000), *Gaito* was narrowly interpreted to prohibit the crediting of time to the original sentence for time spent incarcerated while waiting for a

1. Section 1 provides:
   If in light of all the circumstances, probation would be appropriate under section 9722 (relating to order of probation), but it appears that probation is unnecessary, the court may impose a sentence of guilty without further penalty.

2. Our scope of review of the Board's order is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were

violated. *Shaw v. Pennsylvania Board of Probation and Parole*, 744 A.2d 382 (Pa.Cmwlth. 2000).

3. *See also Davidson v. Pennsylvania Board of Probation and Parole*, 667 A.2d 1206 (Pa. Cmwlth.1995) (parolee who was lodged solely by Board detainer, then arrested on new charges which were *nolle prossed*, had time spent incarcerated credited to original sentence because *nolle prosse* same as acquittal).

hearing on new criminal charges after the parolee was ultimately "convicted" and "sentenced" but the sentence was probation. In *Smarr,* the parolee was incarcerated not only on the Board's detainer but "because he failed to make bail" also on the new criminal charges. Although the parolee argued that he was entitled to have time credited to his original sentence because a sentence of probation was akin to no sentence at all, this Court declined to extend the holding in *Gaito* because the parolee was not acquitted and a new sentence had been imposed, even if it was only probation.

This case is similar to *Smarr* in that Owens was detained by the Board but was also in custody as a result of the revocation of his bail for his failure to appear at his preliminary hearing. Also, he was convicted and sentenced to "guilty without further penalty." The question then becomes whether the sentence of "guilty without further penalty" means that because probation was unnecessary, there essentially was no sentence, or that there was a "sentence" but it was for time served, requiring a credit of time to the new sentence rather than the original sentence.

A "sentence" of "guilty without further penalty" means just what it says—the parolee has been convicted of a crime and is sentenced but to serve no further penalty for that crime. Just because Section 1 of the Sentencing Code states that the court may impose a sentence of "guilty without further penalty" if it appears that probation is unnecessary, the parolee is still found guilty and a sentence is still imposed. Here, that means that Owens, who was convicted and sentenced but sentenced without having to serve any further time, was required to have time credited towards his new sentence per our holding in

*Smarr,* and per our Supreme Court's holding in *Gaito* because he was not being held solely on the Board's detainer.[4]

Accordingly, the decision of the Board is affirmed.

## *O R D E R*

AND NOW, this 14th day of June, 2000, the order of the Pennsylvania Board of Probation and Parole, dated June 17, 1999, is affirmed.

FRIEDMAN, Judge, dissenting.

I respectfully dissent. Because James E. Owens received a sentence of "guilty without further penalty" on his new criminal charges, a sentence that involves *no* possibility of jail time, I believe that Owens is entitled to credit on his original sentence for the time he spent in custody awaiting disposition of those charges. Thus, unlike the majority, I would reverse the order of the Pennsylvania Board of Probation and Parole (Board) and remand this case to the Board for a recalculation of Owens' parole violation maximum date.

When a parolee is arrested and does not post bail, pre-trial confinement is credited to the sentence received upon conviction of the new charge; however, *"if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence."* Davidson *v.* Pennsylvania Board of Probation and Parole, 667 A.2d 1206, 1208 (Pa.Cmwlth.1995) (quoting *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 404 n. 6, 412 A.2d 568, 571 n. 6 (1980)) (emphasis in original).

---

4. While *Gaito* is followed in a number of cases, footnote 6 in that opinion—which provides that a parolee shall have backtime credited if he is not convicted of new charges or no new sentence is imposed for a new conviction—was dicta and is unlike the Court's holding that a parolee does not get backtime credited unless he is able to meet the requirements of bail for new criminal charges and is incarcerated solely on the Board's detainer. *See Smarr.*

This rule of law is based in equity, and equity requires the administration of justice according to principles of fairness, justness and right dealing.[1] Indeed, underlying the rule is a basic notion of fairness, i.e., that a parolee in custody awaiting disposition of new criminal charges should receive credit for that jail time. The parolee may be entitled to credit towards the new sentence or credit towards the original sentence, but, whichever the case, equity dictates that the parolee must receive credit.

Of course, a parolee cannot receive credit towards a new sentence if the new sentence does not involve the possibility of a period of confinement.[2] Here, Owens received a sentence of "guilty without further penalty" pursuant to section 9723 of the Sentencing Code.[3] The majority states that this means Owens was "sentenced without having to serve any *further* time." (Majority op. at 5.) (Emphasis added.) Evidently, the majority believes that a sentence of "guilty without further penalty" is the equivalent of a sentence of "time served." I believe that the majority has misconstrued the nature of the sentence received by Owens in this case.

In *Commonwealth v. Rubright*, 489 Pa. 356, 362, 414 A.2d 106, 109 (1980) (emphasis added), our supreme court stated that a sentence of "guilty without further penalty" acknowledges the person's guilt "without imposing *any* other form of punishment." The court also indicated that such a sentence is appropriate where "the needs of justice are fulfilled by a determination of guilty *alone*, without necessity for further penalty." *Id.* (emphasis added). Thus, in *Rubright*, our supreme court

made clear that a sentence of "guilty without further penalty" involves *no* possibility of jail time. Because Owens received such a sentence in this case, it is not possible to give Owens credit against that sentence for his pre-trial custody time. Therefore, equity dictates that Owens must receive credit against his original sentence.

In reaching a different result, the majority relies upon this court's recent decision in *Smarr v. Pennsylvania Board of Probation and Parole*, 748 A.2d 799 (Pa.Cmwlth. 2000). However, *Smarr* is distinguishable because the parolee in *Smarr* did not receive a sentence that precluded the possibility of incarceration; rather, the parolee received a sentence of probation.

When imposing an order of probation on a defendant, the sentencing court must attach reasonable conditions "to insure or assist the defendant in leading a law-abiding life." Section 9754(b) of the Sentencing Code, 42 Pa.C.S. § 9754(b). If the defendant violates those conditions and the sentencing court revokes the order of probation, the court will sentence the defendant as if the defendant had never received the sentence of probation. Indeed, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." Section 9771(b) of the Sentencing Code, 42 Pa.C.S. § 9771(b).

In *Smarr*, the parolee received a sentence of probation following his conviction for criminal mischief and related offenses. Section 3304(b) of the Crimes Code, 18 Pa.C.S. § 3304(b), indicates that criminal mischief can be a third degree felony, a second or third degree misdemeanor or a

---

1. *See Davidson; see also* Black's Law Dictionary 540 (6 th ed.1990).

2. Section 9760(1) of the Sentencing Code, 42 Pa.C.S. § 9760(1), states that a defendant in a criminal case shall be given credit for time spent in pre-trial custody "against the maximum term and any minimum term" of the new sentence. Obviously, if a defendant's new sentence has no term of confinement, no credit can be given towards that sentence.

3. 42 Pa.C.S. § 9723. Section 9723 states: "If in the light of all the circumstances, probation would be appropriate under section 9722 (relating to order of probation), but it appears that probation is unnecessary, the court may impose a sentence of guilty without further penalty." *See also* 42 Pa.C.S. § 9753.

summary offense. Thus, depending on the grade of the offense,[4] the parolee in *Smarr* could have been incarcerated for ninety days, one year, two years or seven years. *See* section 106 of the Crimes Code, 18 Pa.C.S. § 106. Under any of those circumstances, the parolee in *Smarr* would have been entitled to credit against the new sentence for his pre-trial custody time.

Here, unlike the situation in *Smarr*, no conditions were attached to Owens' sentence. Therefore, Owens will *never* face the possibility of incarceration in connection with his sentence of "guilty without further penalty." Accordingly, I would reverse and remand for a recalculation of Owens' parole violation maximum date.

Judge McGINLEY and Judge SMITH join this in dissent.

---

4. The grade of the offense in *Smarr* is not clear from this court's decision.