**Gerald McCOY, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 11, 2001.

Decided March 12, 2002.

---

Kenneth P. Seitz, Clearfield, for petitioner.

Amy M. Elliott, Harrisburg, for respondent.

Before DOYLE, Senior Judge,[1] KELLEY, Senior Judge, MIRARCHI, Jr., Senior Judge.

OPINION BY Senior Judge DOYLE.

Gerald McCoy (Petitioner) seeks review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief, and contends that the Board erred by not granting him credit for time served while he was awaiting resolution of criminal charges that arose while he was paroled. Petitioner is currently confined in the State Correctional Institution at Houtzdale, Pennsylvania.

On December 18, 1996, Petitioner was sentenced to serve a term of one to five years for his conviction of receiving stolen property, with a commitment credit dated

from October 23, 1996, to the date of sentencing. Petitioner was paroled on October 29, 1997, subject to general and special conditions of parole.

One of the conditions of his parole was to submit to urine testing. In the course of one such test on November 25, 1997, Petitioner admitted tampering with his urine sample and that he had used alcohol. The use of alcohol violated one of the special conditions of his parole, and he was placed in a treatment program. On February 18, 1998, Petitioner left the treatment center without permission and failed to return. On March 5, 1998, the Board declared that Petitioner was delinquent as of the date he left the treatment center. Petitioner was arrested on September 22, 1999, for allegedly (1) attempting to burglarize a property and using heroin, and (2) resisting the arresting officer. The Board issued a detainer for Petitioner on the same day. Petitioner did not post bail on the criminal charges, and hence remained in prison while awaiting the outcome of the new criminal charges.

On August 8, 2000, the Commonwealth moved to (1) withdraw the original criminal charges against Petitioner arising from his actions in September 1999, and (2) add the summary offenses of Defiant Trespass and Disorderly Conduct. Petitioner pled guilty to those summary charges and was sentenced to pay costs and a $50.00 fine.

The Board held a parole revocation hearing on October 17, 2000. On December 11, 2000, the Board mailed notification to Petitioner that it had recommitted him as a convicted parole violator, based upon his two new summary convictions. In the same notification, the Board informed Pe-

1. This case was assigned to the opinion writer prior to the date when President Judge Doyle and Judge Kelley assumed the status of senior judge on January 1, 2002.

titioner that his new maximum release date was August 2, 2004.

Petitioner filed an administrative appeal from the Board's action on January 2, 2001. The Board denied that appeal on January 18, 2001.

The issues Petitioner raises in this appeal are as follows: (1) whether the Board erred in its calculation of his release date by not attributing to his original sentence the time he spent in prison awaiting disposition of the new criminal charges; and (2), if the Board was correct in excluding that pre-sentencing custody from its calculation of his new maximum release date, whether the Board should have deducted from his original sentence that portion of time in custody that exceeds the maximum amount of time a court could have imposed upon him for the two summary offenses to which he pled guilty.

Petitioner relies upon our Supreme Court's decision in *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980). In *Gaito,* the Supreme Court quoted this Court's decision in *Rodriques v. Pennsylvania Board of Probation and Parole,* 44 Pa.Cmwlth. 68, 403 A.2d 184, 185–86 (1979) as follows:

"[t]ime spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term ... only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him."

*Gaito,* 488 Pa. at 403, 412 A.2d at 571 (quoting *Rodriques* ).

The Supreme Court, adopting the reasoning in *Rodriques,* stated further:

[I]f a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new crimi-

nal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Id.* at 403–404, 412 A.2d at 571 (emphasis in original).

However, in *Gaito,* the Supreme Court, in dictum, indicated an exception to this rule and explained that

if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence.

*Id.* at 404 n. 6, 412 A.2d at 571 n. 6.

■ Petitioner argues that the Supreme Court's dictum supports his contention here because the trial court imposed only a fine, and no sentence of incarceration, upon his conviction of guilt for the two summary charges.

This Court has had several opportunities to apply the dictum of *Gaito's* footnote six in a variety of contexts.

In *Davidson v. Pennsylvania Board of Probation and Parole,* 667 A.2d 1206 (Pa. Cmwlth.1995), this Court held that, when a parolee is held in custody for failure to post bail on new criminal charges, and those charges are ultimately *nolle prossed,* the parolee is entitled to have time spent in jail awaiting resolution of the new charges to be credited to his original sentence. *Id.* at 1208.

The court in that case analogized the result of a *nolle prosse* to an acquittal and stated:

[E]quity dictates that a parolee who fails to post bond should have his parole sentence credited when the subsequent charges brought against him are

dropped, as in the case of a nolle prosse, or are resolved in his favor, as in the case of an acquittal.

*Id.* at 1208–1209 (footnote omitted).

The petitioner in *Smarr v. Pennsylvania Board of Probation and Parole*, 748 A.2d 799 (Pa.Cmwlth.2000), failed to make bail and argued that the time he served in jail before resolution of new criminal charges should be credited toward his original sentence because the sentence he received for the new charges was probation with no incarceration. The Court noted that the term "sentence" is not limited to incarceration. Because neither *Gaito* nor *Davidson* made a distinction between a sentence of probation and a sentence of incarceration, the Court refused to recognize such a distinction in *Smarr*.

In *Owens v. Pennsylvania Board of Probation and Parole*, 753 A.2d 919 (Pa. Cmwlth.2000), a parolee was arrested on new criminal charges, had his bail revoked pending trial on the new charges, and the Board recommitted him as a technical parole violator. The Commonwealth withdrew two counts against Owens, who pled guilty to two counts of possession of a controlled substance, and was sentenced to "guilt without further penalty." Section 1 of the Sentencing Code, 42 Pa.C.S. § 9723.

In that case, this Court, relying on its earlier decision in *Smarr*, stated that

[a] "sentence" of "guilty without further penalty" means just what it says—the parolee has been convicted of a crime and is sentenced but to serve no further penalty for that crime.

*Id.*, 753 A.2d at 921. The Court concluded that, despite the unusual nature of the sentence Owens received, he was nevertheless still found guilty and a sentence was still imposed. Thus, following *Gaito*, the time he served on the new charges was credited toward his new sentence rather than his original sentence.

Finally, in *Berry v. Pennsylvania Board of Probation and Parole*, 756 A.2d 135 (Pa.Cmwlth.2000), this Court addressed the issue of whether a parolee who received a sentence of time served with a period of probation on new charges should be entitled to credit to his original term for his pre-sentence custody. The Court held that, because Berry was convicted of the charges (by virtue of his *nolo contendre* plea), and because the trial court imposed a sentence of time served and twenty-four months probation, the *Gaito* exception did not apply to Berry. Accordingly, the time he served pre-sentence could not be applied to his original term of incarceration.

Petitioner in this case, unlike the parolee in *Davidson*, did not receive an acquittal, nor did the Commonwealth withdraw all charges against him. Petitioner here was deemed guilty and he did receive a sentence.

Like the parolee in *Smarr*, however, Petitioner here did not receive a term of incarceration as part of his sentence. As noted in that case, a "sentence" can encompass more than just a term in prison. Further support for that proposition can be found in Section 9721 of the Judicial Code, which relates to sentencing in general, and provides as follows:

**General rule.**—In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) **A fine.**

(6) Intermediate punishment.

42 Pa.C.S. § 9721 (emphasis added).

The General Assembly clearly views a "sentence" as encompassing a fine, which was part of the sentence imposed upon Petitioner. Based upon this Court's decisions in *Smarr, Berry,* and *Owens,* and the distinction between this case and *Davidson,* we conclude that the Board did not err in denying Petitioner's request to have his time served applied to his original sentence.

 Petitioner's second argument is that the Board should have applied to his original sentence a portion of the time he served while awaiting disposition of his new charges, because that total time, approximately ten months and sixteen days, exceeded the maximum sentence he could have received for the two summary charges for which he was found guilty— one hundred eighty days.

Petitioner here asserts that his case is distinguishable from *Berry,* because, unlike that case, his sentence on the new charges did not include a term of probation, as did Berry's. Petitioner argues that, because Berry had a term of probation, any excess time Berry served before sentencing could be applied to his new sentence if his probation were to be revoked.

Despite that distinction, we conclude that, based upon the holdings in the above-cited cases, Petitioner is not entitled to the relief he seeks. *Gaito* stands for the firm proposition that a parolee is entitled to credit to his original sentence **only** when he is eligible for and has satisfied the requirements for bail for the new offense, and, hence, is in custody only because of a Board detainer. **The only clear exception to that rule occurs if the new charges result in an acquittal or are *nolle prossed.* *Davidson; Gaito.* Be-**cause those limited exceptions have been established only by virtue of the dictum of *Gaito's* footnote six, this Court will not extend that dictum to the facts of the present case. In this case, Petitioner failed to make bail on new criminal charges, and his custody was a result of those new charges. Petitioner was convicted and sentenced; therefore, the determination of the Board is affirmed.

### *ORDER*

NOW, March 12, 2002, the Order of the Pennsylvania Board of Probation and Parole, dated January 18, 2001, is affirmed.