# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Ziegler,                          :
                    Petitioner          :
                                        :
          v.                            :   No. 326 C.D. 2015
                                        :   Submitted: September 18, 2015
Pennsylvania Board of                   :
Probation and Parole,                   :
                    Respondent          :


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
         HONORABLE P. KEVIN BROBSON, Judge
         HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                        **FILED:  November 4, 2015**


          Petitioner Andre Ziegler (Ziegler) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).  The Board denied Ziegler's administrative appeal of the Board's December 16, 2014 order, which recommitted Ziegler to serve twenty-one months backtime for a new criminal conviction.  Ziegler's counsel, James L. Best, Esquire (Counsel), filed a motion for leave to withdraw as counsel.  Counsel asserts that the issue Ziegler raised in his petition for review is frivolous and lacking in any merit.  We grant counsel's motion for leave to withdraw and affirm the Board's denial of Ziegler's request for administrative review.

          Ziegler had been incarcerated at a State Correctional Institution when the Board granted him parole in March 2013.  (Certified Record (C.R.) at 8.)  The

Board released him on June 23, 2013. (C.R. at 11.) Ziegler was arrested on January 15, 2014, and was charged with several drug-related criminal offenses. (C.R. at 16.) On that same date, the Board issued a warrant to commit and detain Ziegler. (C.R. at 15.) On January 16, 2014, a Board agent and supervisor generated a Board "technical violation and arrest report." (C.R. at 18.) The Board formally charged Ziegler with violating several technical conditions of parole. (C.R. at 21.) The Board conducted a hearing on January 27, 2014, and determined that, based upon his own admissions, Ziegler had violated conditions 5a and 7 of his parole. (C.R. at 23-24.) By Board action recorded February 20, 2014, the Board imposed six months backtime as a technical parole violator. (C.R. at 34-35.)

Ziegler was convicted of the new criminal offenses, and on September 9, 2014, he was sentenced on those convictions to a term of one-to-five years, at which time, local authorities returned Ziegler to the custody of state correctional authorities. (C.R. at 38, 41.) Ziegler waived his rights to a Board parole revocation hearing and counsel. (C.R. at 50.) On December 16, 2014, the Board recorded its decision, recommitting Ziegler to serve twenty-one months backtime for his new criminal convictions. (C.R. at 68.) The Board specified that Ziegler was to serve the twenty-one month backtime period imposed upon him as a convicted parole violator concurrently with the six-month backtime period imposed upon him in the Board's decision dated February 20, 2104, for technical parole violations. (*Id.*) The Board contemporaneously issued an order to recommit, calculating Ziegler's new maximum release date as September 6, 2016. (C.R. at 55.)

Ziegler filed an administrative appeal from that decision. (C.R. at 70-76.) In his administrative appeal, Ziegler noted that the Board

2

immediately lodged a detainer against him following his arrest in January on new charges, and that the trial court set bail at $50,000. Ziegler does not contend that he paid the bail that was set. Ziegler alleged that the Board's December 16, 2014 decision failed to credit him with all the time he served on his sentence. Specifically, Ziegler asserted that the Board should have credited the period of time he was in prison awaiting conviction and sentencing on the new criminal charges to his parole sentence. Ziegler, relying upon the Board's February 20, 2014 decision that imposed six months backtime for technical parole violations, also asserted that, based upon that order, he was serving that backtime period while awaiting the disposition of the new criminal charges. Further, based upon the principle that terms of backtime assessed for technical violations of parole should run concurrently with any backtime assessed for new criminal convictions, Ziegler contended that, if he did serve the six-month period of backtime following the Board's decision regarding his technical violations, then the backtime assessed for the criminal violations should be reduced accordingly. (C.R. at 74.) Finally, Ziegler also challenged the Board's computation based upon his assertion that the Board did not credit him with his time at liberty while on parole before his January 2014 arrest. Ziegler specifically claimed that the Board's denial of street time credit constituted an abuse of discretion.

The Board rejected Ziegler's administrative appeal, reasoning as follows:

> [A]s a convicted parole violator you automatically forfeited credit for all of the time that you spent on parole. *See* 61 Pa. C.S. § 6138(a)(2). You are not entitled to a back time served credit (*i.e.* time that you were held solely on the Board's warrant prior to your recommitment order) because you were never incarcerated *solely* on the Board's warrant. *See Gaito v.*

3

*Pa. Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). In your case, you remained detained on secured bail at your new charges, so … the Board's detainer was not the sole source of your detainer and you are not entitled to credit at this parole number. You became available to begin serving your back time on September 9, 2014 when you were released by Montgomery County to Pennsylvania authorities. Adding 728 days (or 1 year, 11 months, 29 days) to September 9, 2014 yields a new parole violation maximum date of September 6, 2016. Therefore, your parole violation maxim sentence date is correct.

(C.R. at 77.)

In his petition for review, Ziegler continues to argue that the Board failed to properly credit him for the time period between January 15, 2014, and July 15, 2014, during which he contends that he was serving the six months backtime imposed by the Board's February 20, 2014 decision relating to his technical parole violations.

We begin by addressing counsel's request to withdraw from his representation of Ziegler. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief.[1] In *Hughes v.*

---

[1] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that, in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pennsylvania Bd. of Prob. and Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). However, in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the **(Footnote continued on next page…)**

4

*Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a parole and probation matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)). The record in this matter contains no suggestion by Ziegler that he did not commit the crime for which he received a new criminal conviction, nor does Ziegler suggest any reasons constituting justification or mitigation for his new criminal conviction. Thus, Ziegler only has a statutory right to counsel under Section 6(a) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10). Counsel, therefore, could have simply filed a no-merit letter in seeking to withdraw his representation of Ziegler, but we may nevertheless proceed to consider his request to withdraw as counsel based upon his evaluation of the merits of Ziegler's appeal, as set forth in his brief as if he had simply filed a no-merit letter.

In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the

---

**(continued…)**

extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the Court of the reasons why counsel believes the issues have no merit.

Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[2]  *Reavis v. Pennsylvania Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).  In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter:  (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless.  *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Therefore, before considering whether Ziegler's appeal has no merit and proceeding to make an independent review of the merits of the case, we must first evaluate counsel's brief (as a "no-merit" letter) to determine whether it complies with the requirements for withdrawal applications.  Counsel's brief includes a summary of Ziegler's parole and conviction history, reflecting a thorough understanding of the certified record.

Counsel has submitted an analysis that Ziegler is not entitled to any additional credit because he did not post bail following his arrest.  In Counsel's view, the Supreme Court's decision in *Gaito*[3] would require, as the Board

---

[2] Counsel served Ziegler with his petition for leave to withdraw and his brief.  In a letter addressed to Ziegler, counsel advised Ziegler of his right to retain counsel and to file a brief on his own behalf.  Thus, counsel has complied with these requirements.

[3] In *Gaito*, our Supreme Court held that parolees are entitled to credit on an original sentence for time served while imprisoned awaiting a resolution of new criminal charges when the parolee has posted bail on the new charges and, consequently, the only reason why the parolee is imprisoned is a detainer lodged by the Board.  When, however, a parolee is being
**(Footnote continued on next page…)**

concluded, that all the time Ziegler served following his arrest until the Department of Corrections took custody of him after sentencing should be attributed to Ziegler's new criminal sentence, rather than his original sentence. This would include the period of time between January 15, 2014, and July 15, 2014, during which Ziegler contends he was serving the six months backtime imposed by the Board's February 20, 2014 decision relating to his technical parole violations. Pursuant to *Gaito*, Ziegler could not start to serve any of his backtime while being held on a Board detainer and waiting for trial, because he did not post bail. Rather, that time is to be credited to any sentence imposed for a new criminal conviction. Consequently, we agree with Counsel that there is no merit to Ziegler's claim.[4]

**(continued…)**

incarcerated on the basis of both a Board detainer and a failure to post bail, the time spent in prison during that period must be credited to any sentence imposed for a new criminal conviction. *Gaito*, 412 A.2d at 571.

[4] Although Counsel was not required to address issues not raised in Ziegler's petition for review filed with this Court, Counsel also addresses an argument that Ziegler raised only before the Board—*i.e.*, whether the Board abused its discretion when it forfeited his "street time" as a result of the new criminal conviction. Counsel acknowledges that the Board did have discretion to credit Ziegler with his street time between his parole in 2013 and his arrest and imprisonment on new charges in January 2014. The 2009 amendments to the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §§101-6309, which became effective October 13, 2009, retained the general provision that parolees lose time at liberty while on parole (or street time as it is sometimes known), but that the Board may, in its discretion, award such credit. 61 Pa. C.S. § 6138(a)(2), (2.1). Counsel notes that Ziegler waived his right to a hearing and to counsel, which prevented Ziegler from asserting evidentiary grounds that might support the Board's exercise of discretion with regard to street time. Moreover, Counsel notes that when the Board issued its recommitment decision in February 2014, it made a finding that Ziegler was "not amenable to parole supervision." (C.R. at 34.) Although the Board did not express similar reasons for denying street time in its December 16, 2014 decision, it is clear that the Board had already determined, based upon Ziegler's technical violations, that Ziegler was not suitable for reparole. Those reasons are sufficient to support the Board's apparent exercise of discretion when it elected not to award credit to Ziegler for his street time.

7

Accordingly, we will grant Counsel's motion for leave to withdraw as counsel, and we affirm the order of the Board.


_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Ziegler,                        :
               Petitioner     :
                             :
           v.                        :     No. 326 C.D. 2015
                             :
Pennsylvania Board of                 :
Probation and Parole,                 :
               Respondent    :

## O R D E R

AND NOW, this 4th day of November, 2015, the motion to withdraw as counsel filed by James L. Best, Esquire, is granted, and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
P. KEVIN BROBSON, Judge