IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Eugene Henry,         :
                                :
            Petitioner   :
                                :
           v.           : No. 858 C.D. 2018
                                : Submitted: March 15, 2019
Pennsylvania Board of      :
Probation and Parole,      :
                                :
           Respondent :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ROBERT SIMPSON, Judge[1]
              HONORABLE MICHAEL H. WOJCIK, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED: September 6, 2019


Patrick Eugene Henry (Henry) petitions for review from a decision of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative review challenging the calculation of his parole violation maximum date. Henry claims that the Board miscalculated his maximum expiration date by failing to properly credit him for time served exclusively on its warrant. Discerning no error, we affirm.

In December 2008, Henry pled guilty to escape, burglary, and criminal trespass, and he was sentenced to an aggregate term of 4 years and 6 months to 12 years in prison (original sentence). Certified Record (C.R.) at 1-4. In addition, in July 2009, Henry pled guilty to burglary, and he was sentenced to an underlapping

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

concurrent term of 1 year to 10 years. *Id.* Henry's original sentence carried a controlling maximum sentence date of May 21, 2021. C.R. at 1, 3.

On September 14, 2015, the Board released Henry on parole to Wernersville Community Corrections Center (CCC) subject to conditions, which he signed. C.R. at 5-15, 35. One of the conditions imposed stated:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 10.

While on parole, the Board declared Henry delinquent after failing to return to Wernersville CCC. C.R. at 16, 35. On February 2, 2016, authorities arrested Henry on the Board's warrant. C.R. at 16, 35. On that same day, the Board issued a warrant to commit and detain Henry for technical parole violations. C.R. at 17. The Board detained Henry in a parole violator center, pending the completion of recommended programming. C.R. at 18.

Upon Henry's successful discharge from the program and release from the parole violator center, the Board instructed Henry to report directly to Wernersville CCC and to the local parole office on May 12, 2016. C.R. at 19-20. When Henry did not report that day, the Board immediately declared him delinquent. C.R. at 21. On August 8, 2016, authorities arrested Henry on the Board's warrant, and the Board lodged a warrant to commit and detain him for technical parole violations. C.R. at 22, 23, 35. The Board then charged Henry as a technical parole violator (TPV) and scheduled a hearing. C.R. at 23, 32. Henry signed a waiver of violation hearing and counsel/admission form, and he admitted to the violations.

2

C.R. at 31.  By action dated October 5, 2016, the Board recommitted Henry as a TPV to be reparoled upon successful completion of prescribed programs, if no misconducts, in six months pursuant to Section 6138(d)(3)(i) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(d)(3)(i).  C.R. at 37-38.

While detained by the Board as a TPV, Henry faced new criminal charges, which were filed against him in Adams County and York County.  On December 1, 2016, York County charged Henry with burglary, conspiracy to commit burglary, criminal trespass, theft by unlawful taking, and receiving stolen property (York County Case).  C.R. at 41, 43-47, 122-129.  On December 28, 2016, the York County Court of Common Pleas set bail in the amount of $50,000, which Henry did not post.  C.R. at 123.

On December 15, 2016, Adams County authorities arrested Henry and charged him with multiple counts of burglary, theft by unlawful taking, receiving stolen property, theft from a motor vehicle and criminal mischief (Adams County Case).  C.R. at 48-53, 66, 68-79.  That same day, the Adams County Court of Common Pleas set bail in the amount of $10,000, which Henry did not post.  C.R. at 68.

The Board provided Henry with a notice of charges and its intent to hold a detention hearing based on the new charges.  C.R. at 55.  Henry signed a waiver of representation by counsel and a waiver of detention hearing.  C.R. at 54. By Board decision recorded January 25, 2017, the Board detained Henry pending disposition of the new charges.  C.R. at 66.

With regard to the Adams County Case, on March 23, 2017, Henry pled guilty to burglary and theft, and he was sentenced to 2 to 7 years of confinement in a state correctional institution (SCI) to run consecutive to any other sentence.  C.R.

3

at 69-70. The Board provided Henry with a notice of charges and its intent to hold a revocation hearing for the Adams County Case conviction. C.R. at 89. Henry waived his right to a revocation hearing and to counsel, and he admitted to the convictions. C.R. at 88, 90. The Board voted to recommit Henry as a convicted parole violator (CPV) for 15 months. C.R. at 80-87. The Board did not award him credit for the time he was at liberty on parole noting "delinquency [and] continued non-compliance" as the reason. C.R. at 87. By Board decision recorded June 23, 2017, the Board modified its prior decisions and recommitted Henry as a CPV to serve 15 months' backtime, concurrently with the 6 months previously imposed for the technical parole violations, when available, pending the resolution of the York County Case. C.R. at 120-21.

With regard to the York County Case, on September 22, 2017, Henry pled guilty to burglary and conspiracy to commit burglary, and he received a sentence of 2 to 4 years of confinement in an SCI. C.R. at 123-24. The Board provided Henry with a notice of charges and of its intent to hold a revocation hearing based on his convictions. C.R. at 139. Henry waived his right to a revocation hearing and to counsel, and he admitted to the York County Case convictions. C.R. at 138, 140. The Board voted to recommit Henry as a CPV for 18 months. C.R. at 130-137. By Board decision recorded March 26, 2018, the Board modified its prior decisions and recommitted Henry to serve 18 months' backtime concurrently with the time previously imposed. C.R. at 159-60. The Board changed Henry's maximum sentence date from May 21, 2021 to October 13, 2022. C.R. at 159; Supplemental Certified Record (S.C.R.) at 1A.

4

Henry, representing himself, requested administrative review[2] of the Board's March 26, 2018 decision on the basis that the Board miscalculated his maximum sentence date having failed to properly apply credit for time served on the Board's detainers. C.R. at 168. Shortly thereafter, Henry's counsel resubmitted the same form on Henry's behalf. C.R. at 170. By decision mailed June 6, 2018, the Board denied Henry's request for administrative review upon determining that the Board did not miscalculate his maximum date and affirmed its March 26, 2018 decision. C.R. at 171. This appeal now follows.[3]

Henry, represented by counsel, claims that the Board miscalculated his new parole violation maximum date by failing to credit his original sentence with all time spent exclusively under the Board's warrant. Specifically, he argues that "the concurrency of his three board actions" should "run from the date of his first commitment for the technical parole violation," or alternatively, "from the date he received the recommitment . . . for the Adams [C]ounty [Case]" conviction. Petitioner's Brief at 13.

Section 6138(a)(1) of the Parole Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). If the parolee is recommitted as a CPV, he must serve the remainder of the term, which he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole. 61 Pa. C.S. §6138(a)(2).

---

[2] Henry filed an "Administrative Remedies Form," which the Board treated as a request for administrative review because Henry objected to his recalculated maximum date. C.R. at 171.

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

The Board "may, in its discretion award credit" to a CPV for time spent at liberty on parole unless the offender is convicted of certain specified offenses, which are not applicable here. 61 Pa. C.S. §6138(a)(2.1). Where the Board denies credit for time spent at liberty on parole, this time is applied to the original maximum expiration date to create a new maximum date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

"[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003); *accord Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 n.6 (Pa. 1980); *see Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 769 (Pa. 2017) (holding *Martin* and *Gaito* remain the rule in this Commonwealth for how credit is applied). As our Supreme Court held in *Gaito*:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. *If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence*."

412 A.2d at 571 (emphasis added). If, on the other hand, "a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence." *Id.* at 571 n.6.

"The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into

6

custody to be returned to the institution as a parole violator." 61 Pa. C.S. §6138(a)(4).

Here, when Henry was released on parole on September 14, 2015, his original sentence maximum date was May 21, 2021. C.R. at 8-9. This resulted in Henry owing 2,076 days of backtime toward his original sentence. S.C.R. at 1A. The Board recommitted Henry as a CPV to serve the remainder of his term, without any credit for time spent at liberty on parole based on Henry's delinquency and noncompliance with the terms of parole. C.R. at 87.

With regard to allocation of time served exclusively on the Board's detainers, the record reflects that the Board detained Henry for technical parole violations from February 2, 2016, until he absconded on May 12, 2016 (100 days). C.R. at 16, 21, 35; S.C.R. at 1A. The Board properly credited this 100 days to his original sentence. S.C.R. at 1A. The record also reflects that the Board detained Henry for technical parole violations from August 8, 2016, until December 15, 2016 (129 days), when new charges were filed against him for which he did not post bail. C.R. at 22, 68. The Board properly credited this 129 days to his original sentence. S.C.R. at 1A.

Contrary to Henry's assertions, he is not entitled to credit towards his original sentence for time spent in confinement from December 15, 2016, to September 22, 2017, the date of sentencing in the York County Case. Once Henry was arrested on the new charges and did not post bail, he was no longer in custody solely on the Board's detainer. Consequently, the period of confinement from December 15, 2016, to September 22, 2017, is applied towards his new criminal sentences, not his original sentence. *See Gaito*.

Henry became available on September 22, 2017 -- the sentencing date in the York County Case and his return to the SCI as a parole violator -- to serve time on his original sentence. *See* 61 Pa. C.S. §6138(a)(4). The Board credited Henry's original sentence with a total of 229 days (= 100 + 129) for the time he spent solely on the Board's detainer. As a result, Henry owed 1847 days (= 2,076 – 229) on his original sentence. Adding 1847 days to his September 22, 2017 availability date resulted in a new maximum expiration date of October 13, 2022. Thus, the Board did not err in its calculations.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Eugene Henry,                    :
                                         :
                    Petitioner           :
                                         :
          v.                             : No. 858 C.D. 2018
                                         :
Pennsylvania Board of                    :
Probation and Parole,                    :
                                         :
                    Respondent           :


O R D E R


AND NOW, this 6<u>th</u> day of <u>September</u>, 2019, the decision of the Pennsylvania Board of Probation and Parole, dated June 6, 2018, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge