J-S68037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
COLLEEN CONNIE PROKOP :
:
Appellant : No. 1001 WDA 2019

Appeal from the Judgment of Sentence Entered June 4, 2019
In the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0000075-2019

BEFORE:   GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED FEBRUARY 07, 2020**

Appellant, Colleen Connie Prokop, appeals from the judgment of sentence entered in the Venango County Court of Common Pleas, following her open guilty plea to endangering the welfare of a child ("EWOC") and driving under the influence of alcohol or a controlled substance ("DUI").[1]  We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case as follows:

> On September 13, 2017, [Appellant] was sentenced at [CP-61-CR-0000124-2012] and [CP-61-CR-0000385-2012] to State intermediate Punishment ("SIP") for a maximum period of twenty-four (24) months.  [Appellant] arrived at the Bureau of Corrections on June 23, 2017, so the 24

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4304(a)(1); 75 Pa.C.S.A. § 3802(c), respectively.

months was to be computed from that date. ***Id.*** On October 9, 2018, during a less restrictive portion of the SIP curriculum, [Appellant] was again found driving under the influence which led to the charges for the above-captioned case. [Appellant] waived Preliminary hearing, **and her bail was set at $1,000 unsecured.** The Information was filed, charging [Appellant] with the following:

> **Count 1** Endangering the Welfare of Children, in violation of 18 Pa.C.S.A [§] 4304(a)(1), a Misdemeanor 1;
>
> **Count 2** Driving Under the Influence/Highest Rate-Minor Occupant (Fifth or Subsequent Offense), in violation of 75 Pa.C.S.A. [§] 3802(c), a Misdemeanor 1;
>
> **Count 3** Careless Driving, in violation of 75 Pa.C.S.A. [§] 3714(a), a Summary Offense;
>
> **Count 4** Driving Operating Privilege Suspended/Revoked, in violation of 75 Pa.C.S.A. [§] 1543(b)(1.1)(i).

Information.

On April 22, 2019, [Appellant] entered into a plea agreement with a guilty plea to [EWOC] and DUI. On June 4, 2019, [Appellant] was sentenced [to] a total aggregate sentence of twenty-four (24) months to one hundred twenty (120) months, to be served in a state correctional institute. [Appellant] was not given any credit toward the sentence.

On July [2], 2019, [Appellant timely] filed her notice of appeal with the Superior Court and thereafter received notice from this [c]ourt directing compliance with Pa.R.A.P. 1925. [Appellant timely] filed her concise statement on July 23, 2019….

(Trial Court Opinion, filed August 2, 2019, at 1-2, unpaginated) (some emphasis added).

Appellant raises the following issue for our review:

> DID THE TRIAL COURT HAND DOWN AN ILLEGAL SENTENCE IN THAT IT FAILED TO GRANT CREDIT FOR TIME [APPELLANT] SPENT IN PRISON FOLLOWING HER ARREST ON THESE CHARGES?

(Appellant's Brief at 2).

Appellant argues she should get credit for the time she served pending her plea and sentencing on the current charges of EWOC and DUI. Because her prior SIP sentence was not revoked before this new sentence was imposed, Appellant complains, if her prior SIP sentence is not revoked, then the time she spent imprisoned before disposition on the current offenses could have been credited to her new sentence. To the extent the court might decide not to revoke her prior SIP sentence, she runs the risk of losing any credit for time served. Appellant concludes the court should have applied the credit for time she served pending her plea and sentencing on the current charges of EWOC and DUI to her new sentence for EWOC and DUI, and this Court must vacate and remand for resentencing. We disagree.

Our standard and scope of review in this case are as follows:

> A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence. **Commonwealth v. Johnson**, 967 A.2d 1001, 1003 (Pa.Super. 2009). Issues relating to the legality of a sentence are questions of law. **Commonwealth v. Aikens**, 139 A.3d 244, 245 (Pa.Super. 2016)[, *aff'd*, 641 Pa. 351, 168 A.3d 137 (2017)]. Our standard of review over such questions is *de novo* and the scope of review is plenary.

**Commonwealth v. Gibbs**, 181 A.3d 1165, 1166 (Pa.Super. 2018).

With regard to awarding credit for time served, the Pennsylvania

Sentencing Code provides in relevant part as follows:

> **§ 9760.  Credit for time served.**
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.  Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).  In general, "a defendant shall be given 'credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed.  Credit is not given, however, for a commitment by reason of a separate and distinct offense.'" *Commonwealth v. Clark*, 885 A.2d 1030, 1034 (Pa.Super. 2005) (quoting *Commonwealth v. Miller*, 655 A.2d 1000, 1002 (Pa.Super. 1995)).

In the context of parole/probation violations, "if a defendant is being held in custody solely because of a detainer lodged by the Board [of Probation and Parole] and has otherwise met the requirements for bail on the new criminal charges, the time which [s]he spent in custody shall be credited against [her] original sentence." *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 403, 412 A.2d 568, 571 (1980). Specifically:

> All time served by a parole violator while awaiting disposition on new charges **must** be credited to the original

- 4 -

> sentence if the inmate remains in custody solely on a Board detainer. If the inmate is incarcerated prior to disposition and has both a detainer and has failed for any reason to satisfy bail, [then] the credit **must** be applied to the new sentence by the sentencing court. If the new sentence is shorter than the time served, the balance can be applied to the original sentence, but the sentencing court must specify "time served["] in the sentencing order for the new offense, so that the Board will be able to apply the credit.

**Gibbs, supra** at 1167 (emphasis in original) (quoting **Commonwealth v. Mann**, 957 A.2d 746, 751 (Pa.Super. 2008)).

Instantly, the record confirms that Appellant's bail concerning her current EWOC and DUI charges was set at $1,000.00 unsecured. In other words, Appellant did not have to post any money, but would be obligated to pay $1,000.00 if she failed to comply with the conditions of bail. **See** Pa.R.Crim.P. 524(C)(3) (explaining release on unsecured bail is conditioned upon defendant's written agreement to be liable for fixed sum of money if she fails to appear as required or fails to comply with conditions of bail bond; no money or other form of security is deposited). Nothing in the record indicates that Appellant failed to comply with the conditions of her unsecured bail bond. Rather, the record makes clear Appellant was incarcerated prior to disposition of the EWOC and DUI charges **solely** on the detainer arising from violation of her original SIP sentence. As the trial court explained:

> Here, [Appellant's] bail was set at $1,000 unsecured for the new criminal charges, therefore, [Appellant] was not being held on the new charges and any time served should be credited toward the original sentence for which [Appellant] was paroled on.

- 5 -

(Trial Court Opinion at 3, unpaginated). We agree. Therefore, the court properly declined to credit the time served pending her plea and sentencing on the current charges of EWOC and DUI against her new EWOC and DUI sentence. The time Appellant served while awaiting disposition on her new charges was served solely on the detainer and credit for time served solely on the detainer applies to the original sentence. *See Gaito, supra*; *Gibbs, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2020