William F. Maute, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 19, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Lee F. Mauger,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, June 13, 1985:

William F. Maute (petitioner) filed a petition for administrative review and relief with the Pennsylvania Board of Probation and Parole (board) which had issued an order that he be recommitted as a technical parole violator to serve four months and as a convicted parole violator to serve his unexpired term of three years, two months, and nineteen days. The board denied his request that he receive credit on his original sentence for the time spent in custody awaiting trial and sentencing on new criminal charges, and he has filed a petition for review of the board's action.

On February 22, 1980, the Montgomery County authorities arrested the petitioner, who was then on parole, on charges of rape, involuntary deviate sexual intercourse, corruption of morals of minors, voluntary deviate sexual intercourse, and indecent assault. The petitioner was released on $10,000 bail and his own recognizance. When he failed to appear for his criminal preliminary hearing on March 21, 1980, on the new criminal charges, the district justice issued a bench warrant for his arrest. The parole board issued a warrant. He was arrested on May 30, 1980, by the Evanston, Wyoming Police Department on the bench warrant issued by the district justice and on a board warrant. On June 5, 1980, a Montgomery County, Pennsylvania district justice set bail on the new charges at $100,000 which the petitioner did not satisfy. On June 6, 1980, the board filed a parole violation warrant, based on the new charges and technical parole violations, and lodged a detainer.

After trial on the new charges, the jury returned a verdict of guilty as to all counts except rape. On July 20, 1982, the trial judge sentenced the petitioner to a term of eight to twenty years, with credit for detention time unless the board should add detention

to its violation sentence. The petitioner, who was represented by counsel, was given a full board revocation hearing. As first noted, the board's January 25, 1984 order sentenced the petitioner to serve four months as a technical parole violator and three years, two months and nineteen days as a convicted parole violator. The board records state that credit for the entire detention period with respect to the new charges, from May 30, 1980 until January 25, 1984, was applied to the new sentence.

The petitioner filed a petition for administrative review and relief with the board, stating that the board's order of January 25, 1984, was erroneous because it "failed to credit petitioner with all the time spent incarcerated under the board's warrant of June 5, 1980, as petitioner was released on ROR bail and was re-arrested by the board." The petitioner requested that the board give him credit toward his original sentence for the detention period, which would exceed the amount of backtime owed.

The board denied the petition and pointed out that a bench warrant had been issued for the petitioner's arrest, that the petitioner had failed to post a bond upon his incarceration in June, 1980, and that when a parolee has not posted a bond, the effective date of recommitment is the date of the board's action. The board informed the petitioner that its action to recommit was recorded on January 25, 1984, that the petitioner would begin serving his unexpired term on that day, and that the petitioner would receive credit toward his new sentence for the time he was detained. Following the board's denial of administrative relief, the petitioner filed a petition for review.

The petitioner renews his argument that the board should have given him credit toward his original sentence for time served awaiting trial and sentencing

after his arrest in Wyoming on the new charges, saying that because in February, 1980 he gained release by posting bail, he somehow was detained thereafter by reason of board action. He ignores the fact that he was arrested in Wyoming and detained on the district justice's bench warrant issued after he failed to appear to answer the new charges. In *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 403-04, 412 A.2d 568, 571 (1980), the Supreme Court held that:

> [I]f a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence. (Emphasis in original.)

Clearly, the petitioner was not held in custody after June 5, 1980 solely because of the board's warrant or later its detainer. When the petitioner failed to appear for his criminal preliminary hearing, he breached a condition of bail described in Pa. R. Crim. P. 4013. In addition, Pa. R. Crim. P. 4016(A)(2) provides that upon the breach of a condition of bail and the issuance of a warrant to bring the defendant before the court, the defendant shall not thereafter be released upon bail except upon further order. Thus, the record shows that when the petitioner was arrested on the bench warrant, he was thereafter in custody because of the new criminal charges.

Order affirmed.

ORDER

AND Now, this 13th day of June, 1985, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.