J-S49021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| COREY ALLEN DUFFIELD | |
| Appellant | No. 479 MDA 2018 |

Appeal from the Judgment of Sentence imposed February 2, 2018
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0001458-2017

BEFORE:  SHOGAN, STABILE, JJ., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY STABILE, J.:          **FILED NOVEMBER 30, 2018**

Appellant, Corey Allen Duffield, appeals from the February 2, 2018 judgment of sentence imposing 90 days of incarceration for driving on a suspended license[1] followed by five years of intermediate punishment for driving under the influence of a controlled substance[2] ("DUI").  We vacate and remand.

On August 29, 2017, Appellant was arrested in Centre County for the instant offenses and detained for a violation of his parole on two Clinton County DUI sentences.  Appellant was incarcerated because he was unable to

---

[*] Former Justice specially assigned to the Superior Court.

[1]  75 Pa.C.S.A. § 1543 (this statute has been amended effective October 20, 2018).

[2]  75 Pa.C.S.A. § 3802(d).

post bail.   On January 29, 2108, his Clinton County parole was revoked.

Instantly, the trial court did not give Appellant credit for his pre-sentence

confinement.  At the hearing on Appellant's post-sentence motion, the Centre

County Specialty Court Coordinator testified that she believed the Clinton

County authorities adjusted the expiration date of Appellant's maximum term

to account for the time he served on the detainer.  N.T. Post-Sentence Motion,

2/20/18, at 7-8.  As it is unclear from the record whether that occurred, the

trial court has requested a remand.  Trial Court Opinion, 4/18/18, at 1-2.

A court's failure to award credit for time served, in accord with 42

Pa.C.S.A. § 9760, implicates the legality of the sentence.  **Commonwealth

v. Clark**, 885 A.2d 1030, 1032 (Pa Super. 2005).  Our Supreme Court has

acknowledged that § 9760 does not address proper application of credit for

time served where the defendant is incarcerated for a new offense and

detained for a parole violation.  **Martin v. Pa. Bd. Of Prob. & Parole**, 840

A.2d 229, 303-04 (Pa. 2003).  In **Gaito v. Pa. Bd. Of Prob. & Parole**, 412

A.2d 568 (Pa. 1980), our Supreme Court held that, in such a case, the time

served should normally be applied to the sentence for the new offense.  **Id.**

at 571.  The Court also acknowledged in a footnote that time served can be

credited toward the prior offense if the defendant is acquitted or receives no

sentence for the new offense.  **Id.** at 571 n.6.  The **Martin** Court relied on

**Gaito** to hold that a defendant could receive credit for time served against his

original sentence where he only received a 48-hour sentence for the new offense. **Martin**, 840 A.2d 229. **Gaito** and **Martin** remain good law:

> **Gaito** remains the general law in this Commonwealth respecting how credit should be allocated for a convicted parole violator wo receives a new sentence of incarceration, and the exception to **Gaito**, set forth at footnote 6 and further developed in **Martin**, is limited to cases in which a convicted parole violator receives a term of incarceration for new charges that is shorter than his pre-sentence confinement, such that the application of the **Gaito** rule would result in excess incarceration.

**Smith v. Pennsylvania Bd. Of Prob. & Parole**, 171 A.3d 759, 768-69 (Pa. 2017).

The Commonwealth argues against remand, claiming Appellant is attempting to receive time-served credit toward the instant sentence **and** the Clinton County sentences. The Commonwealth correctly notes that this Court, in **Commonwealth v. Ellsworth**, 97 A.3d 1255 (Pa. Super. 2014), held that "duplicative imposition of credit for time served constitute[s] a patent and obvious mistake" that is amenable to correction beyond the thirty-day period specified in 42 Pa.C.S.A. § 5505. **Id.** at 1257.

In light of all of the foregoing, we vacate the judgment of sentence and remand for a determination of whether Appellant has received proper credit for time served in accord with all applicable law.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2018