IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aaron Smith,                          :
                    Petitioner        :
                                      :
        v.                            :  No. 1544 C.D. 2019
                                      :  SUBMITTED:  May 1, 2020
Pennsylvania Board of                 :
Probation and Parole,                 :
                    Respondent        :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                      FILED: July 16, 2020

Petitioner Aaron Smith (Smith) petitions for review from the Pennsylvania Board of Probation and Parole's (Board)[1] October 4, 2019 ruling, which denied his administrative appeal and affirmed the Board's April 13, 2018 decision. Through that decision, the Board recommitted Smith as a convicted parole violator (CPV) to serve 30 months of backtime and recalculated the maximum date on Smith's state-level sentence as April 18, 2023. We affirm in part and vacate and remand in part.

## I. Facts and Procedural History

On January 9, 2003, Smith was found guilty of one count of robbery and pleaded guilty to one count of burglary in the Court of Common Pleas of

---

[1] Subsequent to when Smith filed his Petition for Review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

Philadelphia County (Trial Court). Certified Record (C.R.) at 1. Smith received concurrent sentences of 6 to 12 years in state prison for each of these crimes. On August 25, 2008, Smith was paroled to Kintock Erie Community Correctional Facility (Kintock) in Philadelphia. *Id.* at 1-7. At the time of Smith's release from state prison, the maximum date on his 2003 sentences was December 23, 2013. *Id.* at 5.

On February 19, 2009, while still residing at Kintock, Smith was arrested in Philadelphia and charged with one count each of indecent exposure and open lewdness. *Id.* at 10-12. The Board issued a warrant to commit and detain Smith the following day. *Id.* at 13-14. The Trial Court initially set Smith's bail at $1,000, but on March 3, 2009, changed it to unsecured bail. *Id.* at 26. On March 31, 2009, the Board paroled Smith to Minsec-Broad, a community correctional facility in Philadelphia. *Id.* at 41, 91. On June 12, 2009, Smith was found guilty in the Trial Court of both charges stemming from his February 2009 arrest. He received 2 concurrent sentences of 15 months' probation as a result. *Id.* at 27. Smith was subsequently released from Minsec-Broad to an approved home plan on July 20, 2009. *Id.* at 41.

On January 9, 2010, Smith was arrested in Philadelphia and charged with driving under the influence (DUI), whereupon the Board issued a warrant for his detainer. *Id.* at 33-34. On February 22, 2010, the Board issued a decision ordering that Smith be detained pending resolution of the DUI charge. *Id.* at 45. This charge was ultimately dropped on October 7, 2010, and Smith was subsequently paroled by the Board on October 14, 2010. *Id.* at 61, 91.

On March 31, 2011, Smith was arrested by federal agents and charged in the United States District Court for the Eastern District of Pennsylvania (Eastern

District) with one count each of conspiracy to commit robbery which interferes with interstate commerce, aiding and abetting robbery which interferes with interstate commerce, and using and aiding and abetting the carrying of a firearm during and in relation to a crime of violence. *Id.* at 59, 70-71. The Board issued a warrant to commit and detain Smith that same day in response to his arrest. *Id.* at 48. Smith remained in federal custody after this arrest. On November 7, 2011, he was found guilty in the Eastern District of all three charges. *Id.* at 49, 61. On February 29, 2012, Smith was sentenced in the Eastern District to an aggregate carceral term of 30 years in federal prison. *Id.* at 57, 61. However, on December 22, 2017, the Eastern District reduced Smith's federal sentence from 30 years to 7 years, 7 months. *Id.* at 50, 108.

On January 30, 2018, Smith was released from federal prison and was immediately taken into custody by the Pennsylvania Department of Corrections (DOC). *Id.* at 61. The Board held a parole revocation hearing on February 14, 2018, and then issued its decision on April 13, 2018. *Id.* at 63-81, 109-10. The Board elected to recommit Smith as a CPV, due to his federal conviction, to serve 30 months of backtime on his January 2003 state sentence. *Id.* at 109-10. In addition, the Board recalculated the maximum date on this state sentence as April 18, 2023. *Id.* at 110.

On May 10, 2018, Smith faxed an administrative remedies form to the Board. *Id.* at 113-117. Smith challenged the Board's April 13, 2018 decision on two bases: first, the Board had not held his parole revocation hearing in a timely manner and, second, the Board had miscalculated his "backtime credit." *Id.*[2] The Board denied

---

[2] Smith also mailed a hard copy of this administrative remedies form to the Board, which the Board received on May 14, 2018. C.R. at 118-22. In addition, Smith mailed a letter brief in support of his administrative appeal to the Board, which the Board received on May 21, 2018, as

Smith's administrative appeal on October 4, 2019. *Id.* at 134-36. The Board found that Smith's parole revocation hearing had occurred within the legally required 120 days after the Board had received official verification of Smith's return to state custody. *Id.* at 134. In addition, the Board determined that it properly calculated Smith's new maximum date to accurately reflect all mandatory and discretionary credit, or lack thereof, for street time, time served on the aforementioned federal charges, and the time during which Smith was detained solely on the Board's warrant. *Id.* at 135. On November 4, 2019, Smith petitioned for this Court's review.[3]

## II. Issues[4]

Smith raises three claims for our consideration.

First, the Board erred by failing to give him credit towards his January 2003 state sentence for the time he spent at Kintock between August 25, 2008, and February 19, 2009, and at Minsec-Broad between April 1, 2009, and July 20, 2009. Smith's Br. at 14-16. Smith maintains that this Court should either award him credit towards his January 2003 state sentence for these time periods, or remand this matter to the Board with instructions that it hold an evidentiary hearing pursuant to *Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680 (Pa. 1985). *Id.*

---

well as a separate letter addressed to Board Secretary John Talaber, which the Board received on June 11, 2018. *Id.* at 123-32.

[3] Smith's Petition for Review was timely, as the final day of the appeal window fell on a Sunday, November 3, 2019, and the Petition for Review was filed the next business day. *See* Pa. R.A.P. 107, 1512(a)(1); 1 Pa. C.S. § 1908.

[4] Under Section 704 of the Administrative Agency Law, our standard of review in this matter is limited to determining whether the Board violated Smith's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. 2 Pa. C.S. § 704.

Second, the Board erred by failing to award Smith credit toward his January 2003 state sentence for the time period between January 9, 2010, and October 7, 2010. This was the period during which he was held on the Board's detainer pending resolution of the DUI charge that was ultimately dropped. *Id.* at 16-17.

Third, the Board erred by failing to award Smith credit toward his January 2003 state sentence for the time period between November 3, 2017, the date upon which Smith claims he completed his federal sentence, and January 30, 2018, when he was taken into custody by the DOC. *Id.* at 17-19.

We address each of these arguments in turn.

### III. Discussion

### A. Time at Kintock and Minsec-Broad

Pursuant to *Cox*, when a parolee argues that time spent at a community corrections center, halfway house, or similar facility was the functional equivalent of incarceration, the Board must hold an evidentiary hearing. 493 A.2d at 683. It is then the parolee's burden to prove that such facility was the functional equivalent of incarceration and thus establish that the Board should give him credit towards his sentence for time served at such a facility. *Id.*

However, if the parolee does not make a *Cox* argument at the administrative level before the Board, he waives it and therefore cannot then seek to raise the issue on appeal. 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551; *McCaskill v. Pa. Bd. of Prob. and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

Here, Smith did not argue before the Board that he was due any credit for time spent at either Kintock or Minsec-Broad, nor did he allege that the conditions at either facility were functionally equivalent to incarceration. *See* C.R. at 114, 119, 123-29. Therefore, he failed to preserve this issue for our consideration on appeal.

5

Accordingly, Smith has waived his claim that he is entitled to credit toward his January 2003 state sentence for the time periods when he resided at Kintock and Minsec-Broad.

### B. Custody Pending Disposition of DUI Charge

Next, the Board does not contest Smith's claim that he is entitled to credit towards his January 2003 state sentence for the time period between January 9, 2010, and October 7, 2010, during which he was held pending resolution of his ultimately dropped 2010 DUI charge. Indeed, "[t]he Board concedes that Smith should be entitled to [credit for] this time period . . . pursuant to *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568[,] 571 n.6 (Pa. 1980)[,] and asks [us to] remand this case to the Board to properly recalculate [Smith's] maximum sentence date[.]" Board's Br. at 14.

We agree with Smith and the Board that Smith is entitled to the credit at issue. *See Gaito*, 412 A.2d at 571 n.6 ("[I]f a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence."). Therefore, we vacate the Board's October 4, 2019 ruling to the extent it affirmed the Board's denial of credit for the time he spent in pre-trial detention between January 9, 2010, and October 7, 2010.

### C. Date of Release from Federal Custody

Finally, the Board failed to sufficiently address Smith's claim that the Board should have awarded him credit towards his January 2003 state sentence for the time period between November 3, 2017, the date upon which Smith claims he completed his federal sentence, and January 30, 2018, when he was taken into custody by the DOC. As set forth above, Smith was arrested in Philadelphia by federal agents on March 31, 2011. C.R. at 59, 70-71. Adding seven years and seven months, which

6

was the length of Smith's revised federal sentence, to that date suggests Smith's federal sentence should have concluded on October 31, 2018. However, the Certified Record contains a document dated March 15, 2018, purportedly from the Federal Bureau of Prisons (Prisons Bureau), stating that after reduction of Smith's federal sentence from 30 years to 7 years, 7 months, Smith should have been deemed eligible for release from federal custody on November 3, 2017. *Id.* at 122.

The Board does not address the Prisons Bureau document or the apparent discrepancies pertaining to Smith's federal release date. Moreover, the Board offers no explanation as to how Smith could have been returned to state custody on January 30, 2018, when he apparently had nearly nine months left on his federal sentence. It is thus unclear whether the Board properly declined to award Smith credit towards his 2003 state sentence for time spent incarcerated between November 3, 2017, and January 30, 2018.

Accordingly, we vacate the Board's October 4, 2019 ruling, to the extent it affirmed the Board's denial of credit for that time period.

## IV. Conclusion

In accordance with the foregoing opinion, we affirm the Board's October 4, 2019 ruling in part and vacate and remand in part. On remand, the Board shall hold an evidentiary hearing to determine what, if any, credit Smith should receive towards his January 2003 state sentence for time served in federal custody between November 3, 2017, and January 30, 2018. The Board shall then issue a new decision. This new decision shall contain a new maximum date for Smith's January 2003 state sentence, one which properly reflects credit for time served on the Board's detainer between January 9, 2010, and October 7, 2010, as well as any credit the Board deems

7

necessary, after considering the fruits of the aforementioned evidentiary hearing, for time Smith spent incarcerated between November 3, 2017, and January 30, 2018.

_____
ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aaron Smith,                :
            Petitioner      :
                             :
        v.                    :   No. 1544 C.D. 2019
                             :
Pennsylvania Board of      :
Probation and Parole,       :
            Respondent    :

## **O R D E R**

AND NOW, this 16th day of July, 2020, Respondent Pennsylvania Board of Probation and Parole's (Board) October 4, 2019 ruling is AFFIRMED IN PART with regard to the Board's determination that Petitioner Aaron Smith (Smith) is not entitled to credit towards his January 2003 state sentence for the time periods between August 25, 2008, and February 19, 2009, and between April 1, 2009, and July 20, 2009.

In addition, the Board's October 4, 2019 ruling is VACATED IN PART, with regard to the Board's determination that Smith is not entitled to credit towards his January 2003 state sentence for the time periods between January 9, 2010, and October 7, 2010, and between November 3, 2017, and January 30, 2018. This matter is REMANDED to the Board, which shall, on remand, hold an evidentiary hearing and shall thereafter issue a new decision containing a proper calculation on the new maximum date for Smith's January 2003 state sentence, consistent with the directives set forth in the foregoing opinion.

Jurisdiction relinquished.

 

                              _____
                              ELLEN CEISLER, Judge