# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rashaun Boyd,                                    :
                Petitioner                     :
                                       :
                                       :   No.  205 C.D. 2022
       v.                                         :
                                       :   Submitted: February 17, 2023
Pennsylvania Parole Board,                       :
                Respondent                    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE STACY WALLACE, Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: January 31, 2024

Rashaun Boyd (Petitioner) petitions for review of the February 11, 2022 decision and order of the Pennsylvania Parole Board (Board) denying his challenge to the Board's order recommitting him as a convicted parole violator (CPV) to serve approximately four years and eight months' back time[1] and recalculating his maximum sentence date without award of credit for time spent at liberty on parole or incarcerated in out-of-state correctional institutions on new convictions. Petitioner is represented by appointed counsel David Crowley, Esquire (Counsel), who has filed an Application to Withdraw as Counsel (Application to Withdraw) and a No-Merit Letter pursuant to _Commonwealth v. Turner_, 544 A.2d 927 (Pa. 1988), based on his conclusion that the

---

[1] "Back time" is defined as "the unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." Section 61.1 of the Board's regulations, 37 Pa. Code § 61.1.

issues Petitioner wishes to raise on appeal are without merit. Upon review, we grant Counsel's Application to Withdraw and affirm the Board's February 11, 2022 order.

**Facts and Procedural History**

Petitioner entered a guilty plea in the Court of Common Pleas of the 39th Judicial District (Franklin County Branch), to possession with intent to deliver a controlled substance and resisting arrest. On February 21, 2007, he was sentenced to serve an aggregate term of three to eight years of incarceration. Petitioner's minimum release date was September 21, 2008, with a maximum date of September 21, 2013.

The Board issued a Notice of Decision on May 16, 2008, granting Petitioner parole, in part because the State of Maryland had lodged two detainers against him. (Certified Record (C.R.) at 6-8.) He was released on parole on January 9, 2009 and was transferred to a Maryland correctional institution after he executed a statement, which detailed the conditions of his parole, including that he report to and maintain regular contact with the parole supervision staff. Petitioner was also advised that if he was "convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit [him] to serve the balance of the sentence or sentences which [he was] serving when paroled/reparoled, with *no credit for time at liberty on parole*." (C.R. at 11) (emphasis added).

Petitioner was released from the Maryland correctional institution on July 3, 2012 to a residence in that state. The Board declared him delinquent on September 14, 2012, based on his failure to report and its receipt of information that he was under investigation for a homicide in West Virginia. Petitioner was arrested on October 3, 2012 by Maryland State Police for drug offenses, and the Board issued a warrant for his arrest on that same date. On October 23, 2012, Petitioner entered a guilty plea to

2

possession—not marijuana in Washington County, Maryland, and was sentenced to serve three years of incarceration, with 21 days of credit for time served.

Petitioner was indicted on February 19, 2014, in Berkeley County, West Virginia, on charges stemming from the 2012 homicide and was found guilty by a jury of attempted murder in the first degree, wanton endangerment, and felon in possession of a firearm. He was sentenced on August 3, 2015 to an aggregate term of 18 years of incarceration and was extradited to West Virginia on October 15, 2015. Petitioner was paroled from his West Virginia sentence on September 23, 2020 and returned to Pennsylvania custody on October 1, 2020.

The Board held a parole revocation hearing on October 30, 2020 at which Petitioner was represented by counsel. By Notice of Decision mailed January 7, 2021, the Board revoked Petitioner's parole and recommitted him as a technical parole violator (TPV) and as a CPV to serve an aggregate term of 4 years, 8 months and 12 days' incarceration (Decision). The Board did not award Petitioner credit for time spent at liberty on parole[2] because he: committed a new offense involving possession of a weapon; committed a new offense that was assaultive in nature; and committed an enumerated violent offense under 42 Pa.C.S. § 9714(g),[3] thereby disqualifying him from an award of street time. (C.R. at 86.) The Board entered an Order to Recommit, with a recomputed maximum parole date of June 5, 2025.

---

[2] The time a parolee spends at liberty on parole is also referred to as street time. *Plummer v. Pennsylvania Board of Probation & Parole*, 216 A.3d 1207, 1209 n.1 (Pa. Cmwlth. 2019).

[3] Section 9714(g) of the Sentencing Code lists several serious offenses meeting the definition of "crime of violence" including murder of the third degree and voluntary manslaughter "or criminal attempt . . . to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction." 42 Pa.C. S. § 9714(g).

3

On February 5, 2021, the Board received Petitioner's *pro se* administrative appeal in which he objected to the recalculation of his maximum parole date because he was not credited with street time or for the time he served incarcerated out of state while the Board's detainer was lodged against him. The Board issued a letter on February 11, 2022, addressing Petitioner's claims and affirming its Decision. In doing so, the Board found that it properly declined to award Petitioner credit for street time given the violent nature of his new offenses, and it also noted that Petitioner was advised of this potential penalty when he was initially released on parole by way of the contemporaneous document that he signed outlining the conditions. (C.R. at 118.)

As to the effect of the time Petitioner served incarcerated out of state on new charges, the Board explained:

> On October 3, 2012 you were arrested on new criminal charges. A Board warrant was issued that same day. No bail was posted. On October 23, 2012, you were sentenced in Maryland at case number OV00079933 to a new term of incarceration to serve 3 years. On August 3, 2015, you were sentenced in West Virginia at criminal action number 14-F-45 to serve a new term of incarceration of 3 to 15 years, 10 years, and 5 years. You were extradited to West Virginia on or about October 15, 2015. The Board *applied no pre-sentence credit because it did not hold you solely on its warrant from October 3, 2012. Gaito v. Pa. Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Such credit must therefore be applied to your new out[-]of[-]state sentences, and you still owed 1716 days remaining on your original sentence. Because you were sentenced to other state sentences and were not returned to Pennsylvania, you were not available to begin serving your back time. This means that you became available to commence service of your original sentence on September 23, 2020, the day you were available from your West Virginia sentence. Adding 1716 days to September 23, 2020[,] yields a recalculated max date

4

of June 5, 2025. Thus, the Board properly recalculated your max date.

(C.R. at 119) (emphasis added).

Petitioner, through counsel, filed a Petition for Review (Petition) with this Court on March 10, 2022, asserting that the Board erred in recalculating his parole violation maximum date by failing to credit his original sentence with all of the time to which he is entitled. (Petition ¶ 6.)

**Application to Withdraw**

On August 2, 2022, Counsel filed an Application to Withdraw and a No-Merit Letter. Before appointed counsel may withdraw from representation in this context, he must file a no-merit letter detailing the nature and extent of his review, the issues the petitioner wishes to raise, and his reasons for concluding that the appeal lacks merit. *Hughes v. Pennsylvania Board of Probation & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). Counsel is also required to send the petitioner a copy of the no-merit letter and petition to withdraw, along with a statement advising him of his right to proceed with new counsel or *pro se*. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Once counsel satisfies these procedural requirements, we will conduct an independent review of the merits of the case. *Id.*

Here, Counsel has complied with the service requirements by sending Petitioner a copy of the No-Merit Letter, the Application to Withdraw, and Counsel also has advised Petitioner that he may obtain alternate counsel or raise any points in support of his Petition *pro se*.[4] Further, Counsel's No-Merit Letter complies with *Turner's* requirements in that it describes his review of the certified record and relevant law, summarizes the factual and procedural history of this case, addresses the issues raised in the Petition, and explains his reasons for concluding that they lack merit.

---

[4] Petitioner has not filed a response through new counsel or a brief on his own behalf.

Therefore, because Counsel has satisfied his duties pursuant to *Turner*, we will conduct our own review of the Board's Decision.

## Review of the Merits

On appeal,[5] Petitioner contends that the Board abused its discretion in failing to award him credit for the time he spent at liberty on parole. Petitioner also argues that the time he was incarcerated in Maryland and West Virginia should be credited towards the unserved balance of his original Pennsylvania sentence. (C.R. at 94-96.)

## Credit for Time Spent at Liberty on Parole

We first address Petitioner's claim that he should have been awarded street time credit and observe that, in general, a recommitted CPV must serve the remainder of his sentence that he had not yet served at the time of his parole, without credit for this time. 61 Pa. C.S. § 6138(a)(2). However, Section 6138 of the Prisons and Parole Code (Code)[6] grants the Board discretion to award credit for the time spent at liberty on parole to a CPV recommitted to serve the remainder of his sentence, subject to certain delineated exceptions. It provides in relevant part as follows:

> (2.1) The board may, *in its discretion*, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, *unless any of the following apply*:
>
> (i) The crime committed during the period of parole or while delinquent on parole *is a crime of violence* or a crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of

---

[5] This Court's review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated. *Brown v. Pennsylvania Board of Probation & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017).

[6] 61 Pa. C.S. §§ 101–3316.

sexual offenders) or I (relating to continued registration of sexual offenders).

61 Pa.C.S. § 6138(a)(2.1)(i) (emphasis added; footnotes omitted.)

Here, while on parole, Petitioner was convicted of attempted murder, which is a crime of violence expressly enumerated in Section 9714(g) of the Sentencing Code. Because he committed a disqualifying crime of violence, the Board could not grant him credit for street time during this parole period and, therefore, committed no error. We also emphasize that Petitioner was specifically informed at the time of his parole that any recommitment because of a new offense could result in no credit awarded for street time. Based on the foregoing, we find that the Board appropriately applied the Code in denying Petitioner credit for street time.

**Credit for Time Spent Incarcerated in Maryland and West Virginia**

Petitioner next argues that the Board erred in recalculating his maximum sentence date because it failed to credit him for the time that he spent incarcerated out of state on new charges while also subject to the Board's detainer. Petitioner claims that during this time, he was "confined for both offenses" and should have received credit for his Pennsylvania state parole back time and his new sentences. (C.R. at 96.)

It is well established that "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Ford v. Pennsylvania Board of Probation & Parole*, 226 A.3d 677, 680 (Pa. Cmwlth. 2020) (quoting *Gaito*, 412 A.2d at 571). If the parolee "is being held in custody *solely* because of a detainer lodged by the Parole Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Id.* (emphasis in original). "Conversely,

7

if a parolee remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Id.*

Instantly, Petitioner was not entitled to credit for his pre-sentence confinement while he was incarcerated out of state because he was never solely confined on the Board's warrant. Rather, when he was released from his West Virginia sentence and became available to serve his original sentence he still owed 1,716 days of back time, which the Board properly added to his date of return to custody.

Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's Decision.

 

 

_____
PATRICIA A. McCULLOUGH, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rashaun Boyd,                           :
             Petitioner         :
                    :   No.  205 C.D. 2022
          v.                      :
                    :
Pennsylvania Parole Board,              :
             Respondent         :

## *__ORDER__*

AND NOW, this 31st day of January, 2024, the Application to Withdraw as Counsel filed by David Crowley, Esq. is GRANTED, and the Pennsylvania Parole Board's February 11, 2022 Order is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge