# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jovan Lee Sepulveda,          :
         Petitioner       :
                          :    No. 1018 C.D. 2023
      v.                    :
                          :    Submitted: July 5, 2024
Pennsylvania Parole Board,    :
         Respondent     :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                           **FILED: September 11, 2024**

Jovan Lee Sepulveda (Petitioner) has petitioned this Court to review a decision by the Pennsylvania Parole Board (Board), mailed August 29, 2023, recommitting him as a convicted parole violator (CPV) to serve his unexpired term. He argues that the Board failed to give him credit on his original sentence for the time he was incarcerated on the Board's detainer. After careful review, we affirm the Board's decision.

## I. BACKGROUND[1]

On February 3, 2021, the Board paroled Petitioner from a state correctional institution (SCI). At that time, Petitioner's maximum release date was July 3, 2023. Therefore, there were 880 days remaining on Petitioner's sentence.

---

[1] Unless otherwise stated, we base the recitation of facts on the Board's response to Petitioner's administrative remedies form, mailed August 29, 2023, which is supported by the record. _See_ Response to Admin. Remedies Form, 8/29/23, at 1-3.

On April 27, 2021, Petitioner absconded from supervision and was declared delinquent. In the following months, Petitioner committed several new criminal offenses.

On June 24, 2021, Petitioner was arrested for Robbery of a Motor Vehicle and Criminal Attempt in Northampton County. Bail was set, which he failed to post, and a Board detainer was lodged against him on that same day. On July 29, 2021, the Board detained Petitioner pending the disposition of the outstanding charges and recommitted him as a technical parole violator (TPV). Petitioner pled guilty and was sentenced to serve a new term of 48 months to 120 months for these charges on August 30, 2022, to be served in an SCI. Certified Record (C.R.) at 33.

On August 8, 2022, Petitioner was arraigned for Possession of a Controlled Substance, Tampering with Physical Evidence, and Possession of Drug Paraphernalia. Bail was set, which he again failed to post. Petitioner pled guilty to the charges and thereafter, on December 14, 2022, Petitioner was sentenced on these additional charges to a term of 24 months to 48 months to be served in an SCI. C.R. at 34. Petitioner remained incarcerated from the date of his arrest on June 24, 2021, to the date of his sentencing on December 14, 2022. Resp. to Admin. Remedies Form Mailed 8/29/2023 at 2.

On April 14, 2023, the Board conducted a panel revocation hearing during which Petitioner acknowledged the veracity of his new criminal convictions. On April 24, 2023, the Board revoked Petitioner's parole, denied him credit for his street time, and recommitted him as a CPV. *See* Notice of Bd. Decision, 4/24/23.[2]

---

[2] The Board stated that "[t]he offender has committed an enumerated violent offense under 42 Pa.C.S. § 9714(g) that prohibits awarding credit for time at liberty on parole." Notice of Bd. Decision at 2.

Regarding his original sentence, the Board also recalculated Petitioner's maximum release date as May 12, 2025. *Id*. at 2.

After receiving the Board's decision, Petitioner filed an administrative remedies form, challenging the lack of credit applied toward his original sentence when the Board recalculated his maximum date. The Board affirmed the panel decision, and Petitioner timely petitioned this Court for review.

## II. DISCUSSION[3]

In his sole issue, Petitioner asserts that the Board erred in recalculating his maximum date because it failed to give him credit on his original sentence for all time served exclusively on its warrant.[4] *See* Pet'r's Br. at 4. This claim lacks merit.

A parole violator "must serve the remainder of the term which he would have been compelled to serve had he not been paroled . . .[.]" *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 387 (Pa. Cmwlth. 2019); 61 Pa. C.S. § 6138(a)(2). "The period of time for which a parole violator is required to serve shall be computed

---

[3] Our review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law,  2 Pa.C.S. §§ 704.

[4] This is the only issue preserved by Petitioner. *See* Pet. for Rev., 9/14/23. However, in his brief, Petitioner argues that he is entitled to, and the certified record must contain, the Department of Corrections' [DOC] Moves Report. *See* Pet'r's Br. at 12-14 citing Pa. R.A.P. 1951(b). This report outlines the movements of an individual within DOC custody. *Ortiz v. Pa. Parole Bd.,* 305 A.3d 617, 617 n.2 (Pa. Cmwlth. 2023). We find this argument to be without merit. Rule 1951(a) provides that "[w]here under applicable law the questions raised by a petition for review may be determined by the Court in whole or in part upon the record before the government unit, such record shall consist of: (1) the order or other determination before the government unit sought to be reviewed; (2) the findings or report on which such order or other determination is based; and (3) the pleadings, evidence and proceedings before the government unit." Pa.R.A.P. 1951(a). In the instant case, the Moves Report was never entered into evidence at any point in the proceedings before the Board, and there is no suggestion that the Board relied upon the Moves Report when making its decision.

from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." 61 Pa.C.S. § 6138(a)(4). For Petitioner, this date was December 14, 2022, the day he was sentenced for his new offenses. On that date, he was returned to the Board's custody and could begin serving his original sentence because he had already been recommitted as a TPV. Resp. to Admin. Remedies Form Mailed, 8/29/2023, at 2.

When calculating credit toward an original sentence for confinement preceding sentencing on new charges, several principles apply. Generally, if a defendant remains incarcerated prior to trial because he has failed to satisfy the bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence, rather than to his original sentence. *Gaito v. Pa. Bd. of Prob. & Parole,* 412 A.2d 568, 571 (Pa. 1980). However, if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time in custody shall be credited toward his original sentence. *Id.* Additionally, if the period of pre-sentence incarceration exceeds the maximum period of incarceration on the new sentence, an offender receives credit to the original sentence. *See Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 309 (Pa. 2003).

Here, Petitioner argues that he should have received credit for the pre-sentencing detentions associated with his new convictions.[5] However, the Board

---

[5] He also notes, however, that "neither sentencing order lists the credit for time served." Therefore, he argues, he cannot determine whether he has received the appropriate time credit on his recommitment. *See* Pet'r's Br. at 12-13. To the extent that this statement suggests that Petitioner is concerned that proper credit may not have been applied to his new sentences, his remedy would lie with the sentencing court and through the direct appeal process. *See Koehler v. Pa. Bd. of Prob. and Parole*, 935 A.2d 44, 54 (Pa. Cmwlth. 2007) ("[I]issues concerning the proper allocation of credit on a new sentence must be addressed by the sentencing court, or the Superior Court on appeal.") (quoting *McCray v. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005)).

explained in its response to Petitioner's administrative remedies form that Petitioner was not entitled to any such credit because he was never held solely on the Board's detainer prior to sentencing on all outstanding charges during the times he was held in 2021 and 2022. *See* Response to Admin. Remedies Form, 8/29/23, at 2.

We agree with the Board and conclude that the Board correctly calculated the credit, or lack of credit, applicable to Petitioner's original sentence when the Board recalculated this maximum date. Here, the Board lodged a detainer against Petitioner on June 24, 2021, but this detainer was not the sole reason for Petitioner's pre-sentence confinement. His detention was also based on new charges for which he did not post bail. Because he did not post bail while being detained, the law is clear that any credit for that period of confinement must be applied to the new sentence, not to the original sentence, and it was the original sentence that the Board addressed in its decision of April 24, 2023. *Gaito*, 412 A.2d at 571.

### III. CONCLUSION

Based on the foregoing, the Board did not commit an error of law or abuse its discretion. Accordingly, we affirm the Board's decision.

_____
**LORI A. DUMAS, Judge**

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jovan Lee Sepulveda,           :
          Petitioner        :
                            :   No.  1018 C.D. 2023
          v.               :
                            :
Pennsylvania Parole Board,    :
          Respondent    :

## **O R D E R**

AND NOW, this 11th day of September, 2024, we AFFIRM the decision of the Pennsylvania Parole Board on the Administrative Remedies form, entered August 29, 2023.

_____
**LORI A. DUMAS, Judge**